## Richmond

ROGER LEE BROADY

v.

COMMONWEALTH OF VIRGINIA

No. 1637-91-2

Decided April 27, 1993

COUNSEL

Connie Louise Edwards, for appellant.

Eugene Murphy, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**MOON, J.**—Roger Lee Broady, appellant, seeks reversal of his convictions of robbery and statutory burglary. On appeal, he contends that (1) the Commonwealth improperly exercised its peremptory strikes; (2) the trial judge should have recused himself because appellant had been previously convicted of stealing the judge's automobile; (3) the court improperly determined that there was probable cause to arrest appellant; (4) the court improperly permitted a juror to sit on the jury; (5) the co-defendant should have been permitted to testify as to the potential taint of a juror; (6) the evidence was insufficient to prove the appellant guilty of the crimes of robbery and burglary; (7) the jury was improperly instructed; and (8) the court erred in refusing to set aside the jury's verdict. We reverse and remand the robbery conviction because the Commonwealth did not rebut the presumption that its peremptory strikes were racially motivated. We reverse and dismiss the statutory burglary conviction because there was no evidence that entry was accompanied by a breaking.

Shortly before 3:00 p.m. on the afternoon of March 31, 1991, Mr. and Mrs. Lee were entering their room at the Holiday Inn in Emporia, Virginia. As they were doing so, appellant and a companion walked into the room immediately after the Lees. After the Lees told the men to leave the room, appellant grabbed for the room key. The two men backed Mr. Lee up between the two beds. When Mrs. Lee went to help her husband, appellant grabbed her purse. It fell to the bed, and both she and appellant scrambled for it. Appellant ran out of the room with the purse. Mrs. Lee chased him and appellant tossed the purse to his accomplice. The accomplice immediately threw it back to appellant, who "fumbled" it. When Mrs. Lee tried to pick up her purse, appellant pushed Mrs. Lee six to eight feet onto the hood of her vehicle. Appellant retrieved the purse and ran around the building toward the back parking lot.

The police were called to the Holiday Inn at approximately 2:59 p.m. The Lees gave the police a description of one "fairly tall and skinny" black male with a short mustache and wearing a maroon or burgundy jacket. The second description was that of a shorter black male with a "rat's tail" in his hair and wearing a gray or tan leather

jacket. They were both described as wearing jeans. The Lees also pointed in the direction in which the two men had fled.

In a wooded area behind the Holiday Inn, about three or four minutes after they had received the call, the police saw appellant and another man walking out of the woods. The two men fled from the police back into the woods, where they were apprehended 150 yards from the Holiday Inn within fifteen to twenty minutes. The two men were wearing burgundy and tan jackets, respectively, as described, and appellant had a "rat's tail" hairstyle. They were handcuffed and returned to the Holiday Inn for identification.

A jury found appellant guilty of robbery and fixed his sentence at ten years in the penitentiary. The jury also found appellant guilty of statutory burglary and fixed his sentence at twelve months in jail and a fine of $1,000.

### I. Peremptory Strikes of the Commonwealth

*Batson v. Kentucky*, 476 U.S. 79 (1986), declares that racially motivated peremptory strikes are unconstitutional and impermissible. *See Winfield v. Commonwealth*, 12 Va. App. 446, 448, 404 S.E.2d 398, 400 (1991), *aff'd on reh'g en banc*, 14 Va. App. 1049, 421 S.E.2d 468 (1992). The Commonwealth here used each of its four strikes to remove black jurors. After the peremptory strikes on each side, the resulting panel had six whites and six blacks. Appellant, who is an African-American, made a *Batson* challenge and the court asked the Commonwealth to articulate its reasons for the strikes.

The Commonwealth stated that it struck the three black men because of their ages. The Commonwealth thought that jurors in the same age group as appellant might be more sympathetic to him. At the time of trial, appellant was twenty-five and the three black men struck were twenty-two, twenty-nine, and thirty-three, respectively. The fourth black, a female, was struck because the Commonwealth remembered that she or a member of her family had been a defendant in either a civil or criminal action that involved the Commonwealth attorney's office. The Commonwealth attorney thought she might have "some, perhaps unconscious prejudice toward [his] office."

To satisfy *Batson*, "[t]he Commonwealth attorney must articulate a neutral explanation related to the particular case to be tried." *Taitano v. Commonwealth*, 4 Va. App. 342, 346, 358 S.E.2d 590, 592 (1987).

*Batson* places upon the trial courts the burden of weighing the explanations tendered by prosecutors justifying their use of peremptory strikes, assessing their genuineness, and determining whether they bespeak discriminatory motives. The explanations are typically offered under the pressures of the courtroom. The trial judges, in weighing them, have the opportunity of observing their proponents, of hearing rebuttal by the defense, and of considering the general circumstances of the case. On appeal, we should apply the accepted standards of review, and should uphold the trial court's decision if it is supported by credible evidence.

*Winfield*, 12 Va. App. at 453, 404 S.E.2d at 402.

■ However, when it is further demonstrated that facially non-racial reasons are applied systematically to blacks but not whites, the Commonwealth has not overcome the presumption that the strikes were racially motivated. *See Reynolds v. Benefield*, 931 F.2d 506, 512 (8th Cir.), *cert. denied*, 501 U.S. 1204 (1991); *Walton v. Caspari*, 916 F.2d 1352, 1361-62 (8th Cir. 1990), *cert. denied*, 499 U.S. 931 (1991). *See also United States v. Johnson*, 873 F.2d 1137, 1139-40 (8th Cir. 1989); *Jackson v. Commonwealth*, 8 Va. App. 176, 186-87, 380 S.E.2d 1, 67, *aff'd on reh'g en banc*, 9 Va. App. 169, 384 S.E.2d 343 (1989).

Here, after the Commonwealth's attorney's explanation and the court's ruling, defense counsel protested that three white men of the same apparent age as appellant were not struck. On defense motion, after argument that the age test had not been applied to white jurors who appeared to be in the same age group, the judge sent the sheriff to determine the ages of the white jurors. The court reported the sheriff's findings: "[Juror] Soles is shown as twenty-one, [Juror] Phillips fooled you, he is thirty seven. Mr. Powell is twenty three."

■ We recognize that the prosecution may have had some other "race-neutral" reasons for not striking one or more of the white jurors, even though they were the same age. *See United States. v. Alston*, 895 F.2d 1362, 1366-67 (11th Cir. 1990). However, after the Commonwealth has asserted a facially race-neutral reason to strike, but has only struck jurors of one race and the reason asserted for the strike is equally applicable to other members of the venire of a different race, the reason asserted is not a satisfactory race-neutral explanation for the Commonwealth's strikes.

Here, appellant pointed out to the trial judge that some white venire members were close in age to the appellant and even ascertained their ages for the record. However, the court did not make further inquiry of the Commonwealth's motivation for its strikes. As a result, the record does not show satisfactory race-neutral reasons for the strikes, if such existed, and does not overcome the presumption of racial motivation for striking only black jurors.

We hold the Commonwealth should have been required to explain its reasons for striking black jurors and not white jurors of the same age in order to overcome the presumption that the strikes were racially motivated. Because this was not done, we hold that the record does not support a finding that the peremptory strikes were made for race-neutral reasons. Therefore, we reverse the robbery convictions and remand to the trial court.

## II. Recusal of the Trial Judge

We consider the recusal issue because it may arise again upon retrial. Appellant made a motion prior to the commencement of the case requesting that the trial judge recuse himself as the appellant had previously been convicted of grand larceny of the judge's motor vehicle.

The trial judge denied appellant's motion of recusal based on these articulated reasons:

(A) He had no personal recollection of the individual that had been convicted of the larceny of his vehicle except that his surname was Broady, but for defense representations.

(B) He could not identify the individual involved in the larceny, and his only involvement in the prior proceeding was as owner of the vehicle, as he did not witness the taking.

(C) He did not participate in the prior proceeding as either judge or witness.

(D) The prior proceeding was resolved by a negotiated plea agreement before another judge.

(E) The matters set to be heard were to be heard by a jury which would resolve all issues of fact and would recommend sentencing.

(F) He, as presiding judge, would be primarily dealing with the law in these matters which is determined regardless and irrespective of the identity of the defendant.

(G) The fact that he was the victim of a prior act would not, in his opinion, prevent him from acting fairly and impartially.

■ "[W]hether a trial judge should recuse himself or herself is measured by whether he or she harbors 'such bias or prejudice as would deny the defendant a fair trial,' and is a matter left to the reasonable discretion of the trial court." *Welsh v. Commonwealth*, 14 Va. App. 300, 315, 416 S.E.2d 451, 459-60 (1992). However, because the issue will likely be raised again upon remand, we point out that the judge's role in a jury trial should be given little weight in determining whether the judge should recuse himself. Many of the legal issues in a trial involve mixed questions of law and fact and require the judge to be the fact finder on certain issues. Further, many critical rulings in a case are left to the sound discretion of the trial judge, not the least of which is whether to impose or suspend the jury's recommended sentence. Therefore, the fact that the case is to be tried by a jury should be accorded little, if any, weight in determining whether the judge should recuse himself. Also, on remand, the trial judge should give consideration to the Cannons of Judicial Conduct, Canons III (c)(1), which provides: "[a] judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This reason for recusal was not raised in the instant trial.

### III. Probable Cause to Arrest

The fourth amendment permits an officer who has probable cause to make a warrantless arrest. . . . Accordingly, probable cause is the standard for testing the constitutional validity of the arrest. . . . "[T]he test of constitutional validity is whether at the moment of arrest the arresting officer had knowledge of sufficient facts and circumstances to warrant a reasonable man in believing that an offense has been committed."

*Penn v. Commonwealth*, 13 Va. App. 399, 407-08, 412 S.E.2d 189, 194 (1991), *aff'd per curiam*, 244 Va. 218, 420 S.E.2d 713 (1992).

The sighting of two individuals who matched the description given by the victims and their apprehension only 150 yards from the scene of the crime fifteen to twenty minutes after the description was given was sufficient to establish probable cause to arrest.

### IV. Other Juror Related Issues

Because the issues involving disqualification of other jurors should not arise again upon remand, we do not decide if the trial court committed error or abused its discretion in these matters.

### V. Sufficiency of the Evidence

■ The evidence must be viewed in the light most favorable to the Commonwealth and the Commonwealth must be given all reasonable inferences fairly deducible therefrom. *Higginbotham v. Commonwealth*, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). "The jury's verdict will not be disturbed on appeal unless it is plainly wrong or without evidence to support it." *Traverso v. Commonwealth*, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988).

### A. Robbery

■ This Court has stated "[t]he elements of robbery, a common law offense in Virginia, include a 'taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation' which precedes or is 'concomitant with the taking.' " *Jones v. Commonwealth*, 13 Va. App. 566, 572, 414 S.E.2d 193, 196 (1992).

After the two men entered the room, they backed Mr. Lee up against a wall between the two beds and grabbed Mrs. Lee's purse from her hands. The purse fell on the bed and Mrs. Lee and the appellant scrambled for it.

At trial, Mrs. Lee was asked where she had her purse at the time it was first taken. She said, "I had it on my right arm." She was asked to demonstrate how she carried it. The record does not describe her demonstration, if indeed there was one. After the purse was taken from her arm, it "fell on the bed" and appellant and Mrs. Lee scrambled for the purse. The record shows no touching of or force against Mrs. Lee by appellant. We can infer nothing from the evidence concerning whether the initial "grabbing" of the purse from Mrs. Lee in the motel room was by force so as to support a robbery conviction.

Seconds later, however, after appellant got possession of the purse, he fled from the room, chased by Mrs. Lee. Appellant threw the purse to his accomplice. The accomplice threw it back to appellant, who "fumbled it." Again, Mrs. Lee tried to pick it up. At this point, when

the purse fell in the driveway of the motel, Mrs. Lee had constructive possession of the purse. *See Clay v. Commonwealth*, 13 Va. App. 617, 619-20, 414 S.E.2d 432, 433-35 (1992). While the purse was in the driveway, appellant pushed Mrs. Lee six to eight feet against the hood of her automobile and appellant got away with the purse.

Appellant argues that when he first grabbed the purse in the motel room, the taking was complete and the taking had been accomplished without force. Therefore, he argues, he could not be held guilty of robbery. What happened thereafter, he contends, is of no consequence. He cites *Mason v. Commonwealth*, 200 Va. 253, 105 S.E.2d 149 (1958), in support of his argument. In *Mason*, the defendant broke into and entered a store building and handed a portable television set to an accomplice outside. The victim, a part-owner of the store, who had been hiding, revealed himself and hit Mason with a board. Mason then shot at the victim four times. The Supreme Court of Virginia held that, because the taking had been accomplished before the use of violence, the crime was not robbery.

Here, the facts of *Mason* are inapposite. Uncontradicted evidence established that the taking was not complete until appellant applied force to Mrs. Lee in the parking lot while Mrs. Lee had constructive possession of the purse. That struggle was sufficient to satisfy the element of violence, without considering the intimidation of the husband or the initial "grabbing" of the purse from Mrs. Lee in the motel room. Thus, we find sufficient evidence to support the robbery conviction.

### B. Burglary

Code § 18.2-89 states: "If any person break and enter the dwelling house of another in the nighttime with intent to commit a felony or any larceny therein, he shall be guilty of burglary. . . ."

Appellant contends that there was no evidence of a breaking. Clearly, there was no actual breaking, as the Commonwealth concedes. Appellant and his companion entered through an open hotel door. Our focus, thus, must be on whether a constructive breaking occurred.

■ "Where entry is gained by threats, fraud or conspiracy, a constructive breaking is deemed to have occurred. Thus breaking may be actual or constructive." *Jones v. Commonwealth*, 3 Va. App. 295, 299, 349 S.E.2d 414, 416-17 (1986) (citation omitted). Here, there is no evidence of a constructive breaking. Appellant and his companion

did not *gain entry* "by threats, fraud or conspiracy." *See id.* (emphasis added).

Mrs. Lee stated that as she and her husband walked in, appellant and a companion "walked in right behind my husband, they were right on his shoulder." Appellant did not gain entry as did the defendant in *Johnson v. Commonwealth*, 221 Va. 872, 275 S.E.2d 592 (1981), who asked the householder for a glass of water. In *Johnson*, after the defendant's request, the householder left the defendant outside an open door. The defendant then entered the house. The *Johnson* court held that a constructive breaking had occurred by fraud when the defendant asked for a glass of water to gain entry. *Id.* at 874-76, 275 S.E.2d at 593-95.

Here, neither appellant nor his companion claimed that the room belonged to them until *after* entry had been made and Mr. and Mrs. Lee turned around and saw the two men.

We hold, and, on argument, the Commonwealth has conceded, that there is no evidence of a constructive breaking because the two men did not gain entry by "threats, fraud or conspiracy." For this reason, the trial court should have struck the Commonwealth's evidence of the statutory burglary charge and submitted the lesser-included charge of trespass to the jury.

### VI. Jury Instructions

#### A. Prior or Concomitant Force for Robbery

■ "A reviewing court's responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.' " *Darnell v. Commonwealth*, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (citation omitted). " '[I]f a proffered instruction finds any support in credible evidence, its refusal is reversible error.' " *Martin v. Commonwealth*, 13 Va. App. 524, 528, 414 S.E.2d 401, 403 (1992).

The trial court instructed the jury as to the elements of robbery: the intent to steal, that the purse was taken from Mrs. Lee or from her in her presence, that the taking was against the will of the owner or possessor, and "that the taking was *accomplished* by violence or the threat of serious bodily harm." (emphasis added).

Appellant is correct that this court has stated that "the elements of robbery, a common law offense in Virginia, include a 'taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation' *which precedes or is 'concomitant with the taking.'* " *Jones v. Commonwealth*, 13 Va. App. 566, 572, 414 S.E.2d 193, 196 (1992) (emphasis added). Appellant's proposed instruction constituted a correct statement of the law, as was the instruction granted by the trial judge. The two instructions have a difference in emphasis, but not in meaning. Refusal to grant other instructions on a legal principle fully and fairly covered by the instructions granted is not an abuse of discretion. *Williams v. Commonwealth*, 228 Va. 347, 323 S.E.2d 73 (1984). Each party is entitled to have jury instructions upon vital points in language chosen by it, if the instruction is a correct statement of the law. *Jeffress v. Virginia Ry. & Power Co.*, 127 Va. 694, 714, 104 S.E. 393, 399 (1920).

Under the facts and circumstances of this case, we hold that reasonable minds cannot differ as to whether there was a robbery. The only real issue is who committed the robbery. The uncontradicted evidence showed that, unlike the facts in *Mason*, there was a continuing act of violence, including force used directly against Mrs. Lee, before appellant was able to get away with her purse. Therefore, we hold that the court did not commit reversible error in refusing to give appellant's proposed robbery instruction or an instruction embodying the lesser-included offense of larceny from the person. *See Bellfield v. Commonwealth*, 11 Va. App. 310, 313-14, 398 S.E.2d 90, 92 (1990). However, mindful that the evidence at the retrial may not conform in all respects to the evidence at this trial, unless the evidence is clear and uncontroverted that the crime was one of robbery and not larceny from the person and there is no evidence to support a larceny from the person conviction, the lesser included offense instruction should be given. *See Painter v. Commonwealth*, 210 Va. 360, 171 S.E.2d 166 (1969).

## VII. Conclusion

We reverse and remand the robbery conviction because the Commonwealth did not rebut the presumption that its peremptory

strikes were racially motivated. We reverse and dismiss the statutory burglary conviction because there was no evidence of a breaking.

*Reversed and remanded in part,*
*reversed and dismissed in part.*

Barrow, J., and Elder, J., concurred.