COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Willis and Bray
Argued at Norfolk, Virginia

DENALDO MAURICE HILL

v.          Record No. 1575-94-1      MEMORANDUM OPINION[*] BY
                                      JUDGE RICHARD S. BRAY
COMMONWEALTH OF VIRGINIA                   JULY 18, 1995

        FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
              Alfred W. Whitehurst, Judge

        W. Thurston Harville, for appellant.

        H. Elizabeth Shaffer, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on
        brief), for appellee.


        Denaldo Maurice Hill (defendant) was convicted by a jury for

murder, malicious wounding, robbery, abduction, three counts of

use of a firearm during the commission of a felony, possession of

a sawed-off shotgun, and wearing a mask in a public place.  On

appeal, defendant complains that the trial court erroneously

concluded that he peremptorily struck a juror in violation of

Batson v. Kentucky, 476 U.S. 79 (1992).  We disagree and affirm

the convictions.

        Both defendant and the Commonwealth are entitled to a jury

selected free of racial bias and, therefore, race based

peremptory strikes are unconstitutional and impermissible.  Id.

at 89; Georgia v. McCollum, ___ U.S. ___, ___, 112 S. Ct. 2348,

2357 (1992).  Batson and its progeny have established the

procedures attendant to an allegation of discriminatory jury

selection.

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

> The [aggrieved party] must make a prima facie showing that the [other party] has exercised peremptory strikes on the basis of race [gender]. If this showing is made, the burden shifts [to such other party] to articulate a racially [gender] neutral explanation for striking the jurors in question. If the court determines that the proffered reasons are race [gender] neutral, the [aggrieved party] should be afforded an opportunity to show why the reasons, even though facially . . . neutral, are merely pretextual and that the challenged strikes were based on race [gender].

James v. Commonwealth, 247 Va. 459, 461-62, 442 S.E.2d 396, 398 (1994) (citations omitted); Purkett v. Elem, ___ U.S. ___, ___, 115 S. Ct. 1769, 1770-71 (1995); Robertson v. Commonwealth, 18 Va. 635, 637-38, 445 S.E.2d 713, 714 (1994). If a party undertakes an explanation of disputed strikes before the trial court finds a prima facie case of racial discrimination, that issue is "waived" and becomes "irrelevant." Barksdale v. Commonwealth, 17 Va. App. 456, 459, 438 S.E.2d 761, 763 (1993) (en banc) (citation omitted).

> 'In evaluating the race-neutrality of an attorney's explanation, a court must determine whether, assuming the proffered reasons for the peremptory challenges are true, the challenges violate the Equal Protection Clause as a matter of law.' If not, the 'decisive question' for the trial judge . . . becomes 'whether counsel's race-neutral explanation for a peremptory challenge should be believed,' and, 'once that has been settled, there seems nothing left to review.'

Id. at 459-60, 438 S.E.2d at 763 (citation omitted). "A 'trial court's decision on the ultimate question of discriminatory intent represents a finding of fact of the sort accorded great deference

on appeal,' which should be disturbed only if 'clearly erroneous.'" Id. at 460, 438 S.E.2d at 763 (citation omitted). Thus, we must affirm a decision of the trial court that is supported by credible evidence. Winfield v. Commonwealth, 12 Va. App. 446, 453, 404 S.E.2d 398, 402 (1991).

Here, defendant, a black male, initially struck three white females and one white male from the venire. In accord with Batson protocols, the Commonwealth requested that "defendant state on the record the reasons for his strikes," and defendant immediately proceeded with an explanation for each. Thereafter, the trial court concurred in the Commonwealth's argument that defendant's "reasons" were "not good enough" to withstand Batson scrutiny and disallowed the strikes. The selection procedure then began anew with the reconstituted venire, and defendant's peremptory strikes were again challenged by the Commonwealth. Defendant once more offered justification for each strike and all were approved as race neutral by the court, save Keith Dyer, a white male.

Defendant explained that "Dyer is a school teacher who . . . was the victim of an assault," and, although "he didn't have to go to the hospital," had suffered from "a crime of violence." Because defendant was "on trial for a crime of violence," defendant was "not comfortable taking [a] chance" with Dyer's impartiality.[1] In response, the Commonwealth acknowledged that this explanation

---

[1]This explanation contrasted with defendant's earlier comment, during voir dire, that, "Dyer is a schoolteacher somewhere or another, and he was assaulted. I don't make that any big deal, Judge, so I don't have a motion."

"sounds good," but noted that defendant did not remove a "black female [whose] baby's father was [murdered] . . . two months ago, three months ago."  Finding, therefore, that defendant's facially race-neutral explanation had not been equally applied to all venirepersons, the trial court implicitly concluded that it was pretextual and disallowed the strike.

As a threshold issue, defendant argues that the trial court did not find a prima facie case of racial discrimination indispensable to a Batson challenge.  However, this procedural defect was waived when defendant explained his strikes without first presenting that issue before the court.

Defendant next complains that the trial court erroneously concluded that defendant's "reasons for his strikes were not sufficient."  However, the record clearly discloses that defendant did not employ his rationale for the Dyer strike to all venirepersons.  If the reason asserted for a strike is not consistently applied to all members of a venire, it is not an acceptable race-neutral explanation.  Broady v. Commonwealth, 16 Va. App. 281, 285, 429 S.E.2d 468, 471 (1993).

Thus, the evidence provided ample support to the decision of the trial court, and, accordingly, we affirm the convictions.[2]

Affirmed.

---

[2]For the first time on appeal, defendant also contends that Batson principles do not apply to a "minority defendant's strikes of majority jurors."  However, an "issue . . . not presented to the trial court" will not be considered "for the first time on appeal."  Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991); Rule 5A:18.