COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bray and Senior Judge Hodges
Argued at Norfolk, Virginia


EUGENE LLOYD SPRUILL, JR.
                                     MEMORANDUM OPINION[*] BY
v.  Record No. 2532-96-1           JUDGE JAMES W. BENTON, JR.
                                        DECEMBER 9, 1997
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                      Von L. Piersall, Jr., Judge

            Dianne G. Ringer, Senior Assistant Public
            Defender, for appellant.

            Daniel J. Munroe, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on
            brief), for appellee.


     A jury convicted Eugene Lloyd Spruill of robbery and use of
a firearm in the commission of robbery.  On this appeal, Spruill
contends that the trial judge erred in overruling his <u>Batson</u>
challenge to two of the Commonwealth's peremptory strikes.  We
agree that the evidence proved a <u>Batson</u> violation, and we remand
for a new trial.

                                I.

     During jury selection, defense counsel requested the trial
judge to ask the members of the venire if they had served on
juries in criminal cases.  Several jurors raised their hands.
The judge also asked how many had served on civil juries.  The
judge then inquired as to how many jurors had "served as jurors

─────────────────
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

before this term, before coming to this term of court." Several jurors raised their hands. The judge asked how many had served on criminal trials. Juror Newby, Juror Eastwick, and "some extra jurors in the back" indicated that they had.

The prosecutor used two of his four peremptory strikes to remove African-American jurors, including Jurors Newby and Randall, from the 20 member venire. After Spruill made a Batson challenge, the trial judge asked the prosecutor to articulate his reasons for the strikes. The prosecutor responded as follows:

> The reason I struck Miss Newby, Your Honor, was she admitted to this court candidly she'd served before in a criminal trial and, to be honest with you, I wanted to get somebody else who had not been here before. We had plenty of candidates available. That was the reason I struck Miss Newby.

> [T]he reason I struck Miss Randall, if the court recollects . . . , she had on dark sunglasses. I couldn't see her, and that was the reason that I struck her. I was unable to get a read on her expression to see if she was paying attention or anything else, for that matter, Your Honor; and those were the reasons I'd proffer to the Court for my strikes.

The judge then asked the prosecutor "Did you strike either one of them because of their race?" The prosecutor responded "No." The prosecutor then explained the reasons for his striking two other people who were not African-American. Defense counsel asserted that wearing sunglasses was not sufficient cause and also noted that other members of the jury panel had indicated they had previously served on criminal juries. The trial judge

- 2 -

ruled:

> At this point I don't think there's been adequate basis for the Court finding that the Commonwealth has made any race-based decisions in their peremptory strikes. . . . And, therefore, if you're making a Batson motion, I'm going to overrule that.

## II.

Racially motivated peremptory strikes are unconstitutional and impermissible. Batson v. Kentucky, 476 U.S. 79 (1986). In Buck v. Commonwealth, 247 Va. 449, 443 S.E.2d 414 (1994), the Supreme Court of Virginia set out the procedure for determining whether the prosecutor exercised peremptory strikes to remove prospective jurors solely on the basis of race.

> A defendant must first establish a prima facie showing that the peremptory strike was made on the basis of race. At that point, the burden shifts to the prosecution to produce explanations for striking the juror which are race-neutral. Even if race-neutral, the reasons may be challenged by the defendant as pretextual. Finally, the trial court must decide whether the defendant has carried his burden of proving purposeful discrimination by the prosecutor in selecting the jury panel.

Id. at 450-51, 443 S.E.2d at 415 (citations omitted). When the prosecutor "offer[s] . . . reasons for the strikes, we need not consider whether [the defendant] established a prima facie showing of discrimination." Id. at 451, 443 S.E.2d at 415. Because the prosecutor in this case articulated reasons for the strikes, we first consider whether the Commonwealth's explanation for striking Juror Newby was race neutral.

A trial judge's finding that an explanation is race neutral is a finding on a matter of law and is fully reviewable by this Court.  See Riley v. Commonwealth, 21 Va. App. 330, 335, 464 S.E.2d 508, 510 (1995).  To satisfy Batson requirements, "the Commonwealth attorney must articulate a neutral explanation related to the particular case to be tried."  Taitano v. Commonwealth, 4 Va. App. 342, 346, 358 S.E.2d 590, 592 (1987).  "However, after the Commonwealth has asserted a facially race-neutral reason to strike, but has only struck jurors of one race and the reason asserted for the strike is equally applicable to other members of the venire of a different race, the reason asserted is not a satisfactory race-neutral explanation for the Commonwealth's strikes."  Broady v. Commonwealth, 16 Va. App. 281, 285, 429 S.E.2d 468, 470 (1993).  It is not enough for the Commonwealth, in rebutting Spruill's prima facie case, "to adopt rote 'neutral explanations' which are only facially legitimate." Jackson v. Commonwealth, 8 Va. App. 176, 186, 380 S.E.2d 1, 6, aff'd on reh'g en banc, 9 Va. App. 169, 384 S.E.2d 343 (1989).

After the prosecutor gave the explanation for striking Juror Newby, defense counsel protested that several other venire members who also had served on criminal juries were not struck. The record supports that assertion.  However, the trial judge made no finding to address the objection.  When a specific objection is made to a strike, "[t]he trial judge cannot merely accept at face value the reason proffered but must independently

evaluate those reasons as he would any disputed fact." Jackson, 8 Va. App. at 185, 380 S.E.2d at 6. Here, it is clear from the record that the prosecutor did not offer a facially race-neutral explanation because none of the other members of the venire with the same criteria were struck. See Broady, 16 Va. App. at 285, 429 S.E.2d at 471.

In order to overcome the presumption that the strikes were racially motivated, the prosecutor should have been required to explain his reasons for striking an African-American juror, but not striking any of the other jurors who had indicated that they too had previously served on criminal juries. Because this was not done and because the trial judge made no finding, we hold that, under the totality of the circumstances, the Commonwealth's asserted reasons are insufficient to rebut Spruill's prima facie showing that the strike was made on the basis of race.

Because the strike of Juror Newby was impermissible, we need not consider the Commonwealth's reasons for striking the other African-American. Permitting the improper removal of any one member of the venire constitutes reversible error. See Hill v. Berry, 247 Va. 271, 277, 441 S.E.2d 6, 9 (1994); Jackson, 8 Va. App. at 185, 380 S.E.2d at 5-6.

Accordingly, we reverse the convictions and remand for a new trial before a properly selected jury.

Reversed and remanded.