COURT OF APPEALS OF VIRGINIA

Present:   Judges McClanahan, Haley and Petty
Argued by teleconference


BERNARD HOPKINS, JR.

                                                            OPINION BY
v.        Record No. 1923-07-1                  JUDGE ELIZABETH A. McCLANAHAN
                                                         FEBRUARY 17, 2009
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Wilford Taylor, Jr., Judge[1]

John E. Robins, Jr. (Office of the Public Defender, on brief), for
appellant.

Joshua M. Didlake, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Bernard Hopkins appeals from his conviction of distribution of cocaine. He argues the trial

court committed error in overruling his Batson[2] challenge to the Commonwealth's peremptory

strikes of two African-American jurors during selection of the jury. We reverse the trial court.

I.  BACKGROUND

During jury selection, the Commonwealth exercised all four of its peremptory strikes to

remove African-American jurors. One African-American juror remained on the panel. Hopkins

asserted a challenge to the panel arguing it was "not a jury of Mr. Hopkins' peers." When the

trial court asked the Commonwealth to respond, the Commonwealth explained the first two

African-American jurors were struck because they had criminal records and the third and fourth

_____

    [1] Although the final sentencing order from which this appeal is taken was entered by the
Honorable Wilford Taylor, Jr., the Honorable Christopher W. Hutton presided over all other
proceedings.

    [2] Batson v. Kentucky, 476 U.S. 79 (1986).

jurors, Kimzetta Kellam and Sharon Alston, were struck because they had family members who had been charged with drug-related offenses and might be more sympathetic to Hopkins. The record shows that seven persons on the jury had family members charged with drug-related offenses, at least three of whom were not African-American, and the Commonwealth did not strike those.[3]

The trial court ruled, assuming a *prima facie* case of discrimination was made, there was "sufficient cause" for the first two strikes based on the Commonwealth's knowledge of the jurors' criminal records. The trial court continued:

> With regard to Alston, she had a family member involved in some way in drugs. I did pay particular attention to her, and I noted that she was African American. The reason I paid particular attention to her was she seemed very uneasy in my observation when asked that question. I don't think she was terribly upset or offended, but she did seem very uneasy about that discussion that was required.
>
> I don't remember Ms. Kellam at all in terms of her responses. I do not find the Commonwealth has violated the doctrine annunciated by Batson, and I deny the motion to strike on the Batson grounds.

## II. ANALYSIS

On appeal, Hopkins contends the trial court erred in overruling his Batson challenge and argues the Commonwealth did not sufficiently proffer race-neutral explanations of its strikes of Kellam and Alston because its reason for striking them applied to jurors who were not African-American and not struck.

---

[3] Hopkins argues the majority of those seven jurors who answered they had family members charged with drug-related offenses were not African-American, and the Commonwealth does not dispute this. One of the African-Americans struck because he had a criminal record was also one of the seven jurors who had a family member charged with a drug-related offense. The record thus indicates that of the seven jurors at issue, three were not African-American and three were African-American. The race of one juror could not be determined from the record.

As the United States Supreme Court held in Batson, the peremptory exclusion of a potential juror based solely on the juror's race "is purposeful discrimination and a violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution." Jackson v. Commonwealth, 266 Va. 423, 435, 587 S.E.2d 532, 542 (2003), cert. denied, 543 U.S. 842 (2004). Under Batson's three-step test, the defendant must first make a *prima facie* showing that the peremptory strike was made on racial grounds. Lightfoot v. Commonwealth, 50 Va. App. 723, 727, 653 S.E.2d 615, 617-18 (2007) (*en banc*). Once a *prima facie* case is made, the Commonwealth bears the burden of producing a race-neutral explanation for striking the potential juror. Id. at 727, 653 S.E.2d at 618. The defendant can then argue the Commonwealth's explanation is purely a pretext for unconstitutional discrimination. Id. Under each of these steps, however, the burden of persuasion remains with the opponent of the strike. Id. "On appellate review, the trial court's conclusion regarding whether reasons given for the strikes are race-neutral is entitled to great deference, and that determination will not be reversed on appeal unless it is clearly erroneous." Jackson, 266 Va. at 437, 587 S.E.2d at 543.

Regarding the first step in the Batson analysis, the trial court made no ruling as to whether a *prima facie* case of discrimination was established by Hopkins but directed the Commonwealth to explain its strikes and then ruled upon the reasons given by the Commonwealth. "Once a prosecutor has offered a race-neutral explanation for the peremptory challenges and the trial court has ruled on the ultimate question of intentional discrimination, the preliminary issue of whether the defendant had made a *prima facie* showing becomes moot." Hernandez v. New York, 500 U.S. 352, 359 (1991). Thus, we assume without deciding that

- 3 -

Hopkins established a *prima facie* case of discrimination.  See <u>Yarbrough v. Commonwealth</u>, 262 Va. 388, 395, 551 S.E.2d 306, 310 (2001).[4]

With regard to the second step in the <u>Batson</u> analysis, the Commonwealth explained it struck Kellam and Alston because those jurors had family members with drug-related charges.

> A neutral explanation in the context of our analysis here means an explanation based on something other than the race of the juror.  At this step of the inquiry, the issue is the facial validity of the prosecutor's explanation.  Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral.

<u>Hernandez</u>, 500 U.S at 360.  The Commonwealth's explanation was "a neutral explanation" since it was "based on something other than the race of the juror[s]" and lacked any "inherent" discriminatory intent.  <u>Id.</u>

Once the Commonwealth offered its race-neutral explanation for the strikes of Kellam and Alston, Hopkins could "nevertheless show purposeful discrimination by proving the explanations pretextual."  <u>United States v. Joe</u>, 928 F.2d 99, 102 (4th Cir. 1991).  "[I]f a prosecutor's proffered reason for striking a black panelist applies just as well to an otherwise-similar nonblack who is permitted to serve, that is evidence tending to prove purposeful discrimination to be considered at <u>Batson</u>'s third step."  <u>Miller-El v. Dretke</u>, 545 U.S. 231, 241  (2005).  This Court has previously held a facially neutral explanation will not overcome the *prima facie* showing of discriminatory intent when applied to members of one race and not to another.  <u>Broady v. Commonwealth</u>, 16 Va. App. 281, 285, 429 S.E.2d 468, 471

---

[4] The Commonwealth conceded at oral argument that a prima facie case of discrimination was made since the Commonwealth exercised all four of its strikes to remove African-American jurors.

- 4 -

(1993) (Commonwealth's stated reason, that the jurors were struck because of age, was systematically applied to African-American jurors but not Caucasian jurors.).[5]

The Commonwealth explained it struck Kellam and Alston because they had family members who had been charged with drug-related offenses.[6] But the record reflects that at least three jurors who had family members charged with drug-related offenses were not African-American. "We recognize that the prosecution may have had some other 'race-neutral' reasons for not striking one or more of the [Caucasian] jurors," even though they had family members who had been charged with drug related offenses. Id. Nevertheless,

> after the Commonwealth has asserted a facially race-neutral reason
> to strike, but has only struck jurors of one race and the reason
> asserted for the strike is equally applicable to other members of the
> venire of a different race, the reason asserted is not a satisfactory
> race-neutral explanation for the Commonwealth's strikes.

Id.

When its stated reason applied equally to jurors who were not African-American, the Commonwealth gave no explanation for why it struck only the African-American jurors to whom the reason applied. Although the trial court found that potential juror Alston "seemed very uneasy" when asked about family members with drug charges, the Commonwealth gave no such reason for its strike of Alston. The trial court could not substitute its own reason for the

---

[5] The Commonwealth argues that Broady is "problematic" because the Court referred to a *prima facie* showing of discrimination as a "presumption of racial motivation." When the United States Supreme Court decided Batson, it relied on its earlier Title VII jurisprudence to define the "operation of the *prima facie* burden of proof rules." Batson, 476 U.S. at 94 (citing Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 254 (1981) (By establishing his *prima facie* case, plaintiff established a "rebuttable presumption" of purposeful discrimination although the burden of persuasion remained with him.)). The Court's language in Broady, interpreted this way, is consistent with the principles discussed in Batson and Burdine.

[6] Although the Commonwealth stated at one point it struck jurors who had family members in the "same age range most likely with the defendant," none of the jurors were questioned regarding the age of any of their family members.

strike.  "A Batson challenge does not call for a mere exercise in thinking up any rational basis.  If the stated reason does not hold up, its pretextual significance does not fade because a trial judge, or an appeals court, can imagine a reason that might not have been shown up as false."  Miller-El, 545 U.S. at 252.

> [T]he rule in Batson provides an opportunity to the prosecutor to give the reason for striking the juror, and  it requires the judge to assess the plausibility of that reason in light of all evidence with a bearing on it.  It is true that peremptories are often the subjects of instinct and it can sometimes be hard to say what the reason is.  But when illegitimate grounds like race are in issue, a prosecutor simply has got to state his reasons as best he can and stand or fall on the plausibility of the reasons he gives.

Id. at 251-52 (citations omitted).

The Commonwealth's stated reason for striking Kellam and Alston was equally applicable to other jurors who were not African-American and were not struck.  The Commonwealth did not explain its inconsistent treatment in light of the common stated reason applicable to African-Americans and non African-Americans.  Broady, 16 Va. App. at 286, 429 S.E.2d at 471.  Thus, "the reason asserted [was] not a satisfactory race-neutral explanation for the Commonwealth's strikes."  Id.[7]

Accordingly, we reverse the judgment and remand the case to the trial court for a new trial if the Commonwealth be so advised.

Reversed and remanded.

---

[7] The Commonwealth relies solely on the deference this Court owes to the findings of the trial court on whether Hopkins proved purposeful discrimination.  See Jackson, 266 Va. at 437, 587 S.E.2d at 543.  But "deference does not imply abandonment or abdication of judicial review" and "does not by definition preclude relief."  Miller-El v. Cockrell, 537 U.S. 322, 340 (2003) (Court discussing standard of review for Batson claims and explaining same deference in direct review embodied in habeas review).