COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Decker and AtLee
Argued by teleconference

UNPUBLISHED

RASHAD A. HARTRIDGE, SR.

                                  MEMORANDUM OPINION[*] BY
v.        Record No. 2042-14-2           JUDGE RICHARD Y. ATLEE, JR.
                                    MARCH 29, 2016

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Beverly W. Snukals, Judge

Leonard M. McCall (McCall Law, P.C., on brief), for appellant.

Christopher P. Schandevel, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


A jury in the Circuit Court of the City of Richmond ("trial court") convicted appellant

Rashad A. Hartridge, Sr. of possession of a firearm by a violent felon and misdemeanor reckless

handling of a firearm. The trial court imposed the jury's recommended sentence of five years in

prison for the possession conviction (the mandatory minimum) and a $1 fine for the

misdemeanor. Appellant argues that the trial court erred in denying his challenges, pursuant to

Batson v. Kentucky, 476 U.S. 79 (1986), to the Commonwealth's exercise of peremptory strikes

of two black members of the venire. Finding no error, we affirm.

I. BACKGROUND

On February 21, 2014, Officer Kevin Hyde of the Richmond Police Department

witnessed appellant stand in the front yard of an apartment complex in the City of Richmond,

hold a pistol up in the air, and fire the weapon four to five times. Appellant had two small

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

children with him in the yard when he fired the pistol up in the air, and an older gentleman was standing nearby on the front porch of an apartment building. When appellant saw the officers, he ran toward the apartment, tried unsuccessfully to give the gun to the man on the porch, and then fled inside and eventually exited the back of the apartment, where he was intercepted by another officer. Appellant was subsequently charged with possession of a firearm by a violent felon and with reckless handling of a firearm. He was tried by a jury.

During jury selection, from a pool of twenty potential jurors, the parties exercised their peremptory challenges.[1] After appellant raised his Batson challenges, the prosecutor stated that she struck two of the venirepersons because they lived in lower income areas of the city known for a higher incidence of crime, and the prosecutor feared that they might be "accustomed to violence." She also added that she "may have missed" those jurors raising their hand when responding to a previous question regarding whether the venire would require DNA evidence to convict. The judge, uncertain if the prosecutor's "failure to write something down" was an adequate reason to strike,[2] focused on the high-crime neighborhood explanation. Appellant argued that the explanations were pretextual and not race-neutral. The judge concluded the prosecutor's explanation was not pretextual and denied the Batson challenges.

---

[1] The Commonwealth struck four venirepersons, all of whom were black. Appellant challenged all four strikes under Batson, but on appeal concedes that the Commonwealth's explanations for two strikes were race-neutral.

[2] Although it has no bearing on the outcome in this matter, we note that the judge may have concluded later that this alternative reason was also acceptable when she held, after hearing argument regarding several explanations in response to the Batson challenge, that "those are all valid reasons." Regardless, because appellant offered no argument as to why this explanation was not race-neutral before the trial court, and offers none on appeal, to the extent the trial court accepted this reason, appellant has waived any right to challenge it. See Rule 5A:18; Buck v. Commonwealth, 247 Va. 449, 452-53, 443 S.E.2d 414, 416 (1994).

II. ANALYSIS

*A. Batson Challenges*

"[A] defendant [has] the right to be tried by a jury whose members are selected pursuant to non-discriminatory criteria." Batson, 476 U.S. at 85-86. The Equal Protection Clause[3] forbids peremptory exclusion of potential jurors based on their race. Id. at 89. There is a three-step test under Batson for assessing the validity of a peremptory challenge:

> When a defendant raises a challenge based on Batson, he must make a *prima facie* showing that the peremptory strike was made on racial grounds. At that point, the burden shifts to the prosecution to produce race-neutral explanations for striking the juror. The defendant may then provide reasons why the prosecution's explanations were pretextual and the strikes were discriminatory regardless of the prosecution's stated explanations. Whether the defendant has carried his burden of proving purposeful discrimination in the selection of the jury is then a matter to be decided by the trial court.

Jackson v. Commonwealth, 266 Va. 423, 436, 587 S.E.2d 532, 542 (2003).

"Because the Commonwealth offered its reasons for the strikes, we need not consider whether [appellant] established a *prima facie* showing of discrimination." Buck v. Commonwealth, 247 Va. 449, 451, 443 S.E.2d 414, 415 (1994). Therefore, only the third stage of the Batson inquiry is at issue: whether the appellant carried his burden of persuasion in explaining why the prosecution's reasons were pretextual, and the strikes discriminatory.

*B. Credibility Determination*

"A trial court's determination whether the reason given for exercising a peremptory strike is race-neutral is entitled to great deference." Yarbrough v. Commonwealth, 262 Va. 388, 395, 551 S.E.2d 306, 310 (2001); see also Davis v. Ayala, 135 S. Ct. 2187, 2199 (2015) (On appeal, a trial court's decision as to whether the prosecutor possessed discriminatory intent is "entitled to

---

[3] "No State shall . . . deny to any person within its jurisdiction the equal protection of laws." U.S. Const. amend. XIV, § 1.

'great deference.'" (quoting Felkner v. Jackson, 562 U.S. 594, 598 (2011) (*per curiam*)));

Hernandez v. New York, 500 U.S. 352, 355 (1991) (A trial court's "decision on the ultimate

question of discriminatory intent represents a finding of fact of the sort accorded great deference

on appeal.").

> Deference to trial court findings on the issue of discriminatory intent makes particular sense in this context because, as [the United States Supreme Court] noted in Batson, the finding will "largely turn on evaluation of credibility." In the typical peremptory challenge inquiry, the decisive question will be whether counsel's race-neutral explanation for a peremptory challenge should be believed. There will seldom be much evidence bearing on that issue, and the best evidence often will be the demeanor of the attorney who exercises the challenge. As with the state of mind of a juror, evaluation of the prosecutor's state of mind based on demeanor and credibility lies "peculiarly within a trial judge's province."

Winfield v. Commonwealth, 14 Va. App. 1049, 1050, 421 S.E.2d 468, 469 (1992) (*en banc*)

(quoting Hernandez, 500 U.S. at 365). "Appellate judges cannot on the basis of a cold record

easily second-guess a trial judge's decision about likely motivation." Ayala, 135 S. Ct. at 2201

(quoting Rice v. Collins, 546 U.S. 333, 343 (2006) (Breyer, J., concurring)). Thus, an appellate

court, deprived of first-hand knowledge of the prosecutor's demeanor, is limited to reviewing

evidence of discrimination made plain in the record. No such evidence is present here.

As a preliminary matter, a prosecutor citing a venireperson's residence in a high-crime

neighborhood in response to a Batson challenge does not trigger any immediate constitutional

concern that such an explanation is pretextual or not race-neutral. In Taitano v. Commonwealth,

4 Va. App. 342, 358 S.E.2d 590 (1987), this Court upheld strikes where the Commonwealth's

explanation was that two venirepersons "lived in high crime areas and were approximately the

same age as the defendant." Id. at 345, 358 S.E.2d at 591. In that instance, this Court found that

the proffered explanations were race-neutral and non-pretextual. We must determine if, based

upon the reviewable facts in this case, the trial court erred in finding the prosecutor's explanations credible.

The record presents no reason to question the trial court's assessment of the prosecutor's credibility. First, there is no indication that the Commonwealth chose not to strike white venirepersons from the same neighborhood or other high-crime areas.[4] See Miller-El v. Dretke, 545 U.S. 231, 241 (2005) ("If a prosecutor's proffered reason for striking a black panelist applies just as well to an otherwise-similar nonblack who is permitted to serve, that is evidence tending to prove purposeful discrimination to be considered at Batson's third step."); see also Hopkins v. Commonwealth, 53 Va. App. 394, 401, 672 S.E.2d 890, 893 (2009) (reversing and remanding when the Commonwealth's stated reason for striking two black jurors was equally applicable to other jurors who were not black and were not struck, and the Commonwealth did not explain its inconsistent treatment). In addition, although the record reflects that appellant is black, there is no evidence as to the race of the witnesses or victims. As such, there is no reason to infer that the Commonwealth would have a motive to strike black prospective jurors. See Taitano, 4 Va. App. at 348, 358 S.E.2d at 593 (noting that "the case itself presented no racial issues" because "[b]oth the defendant and the victim were black, as were the eyewitnesses who testified at trial"). Furthermore, appellant provides no history of discriminatory practices in this jurisdiction justifying a more skeptical review of the prosecutor's motives. See Miller-El, 545 U.S. at 253 (noting that "the appearance of discrimination is confirmed by widely known evidence of the general policy of the [prosecutor's office] to exclude black venire members from

---

[4] In support of his argument, appellant quotes from the panel opinion in Buck v. Commonwealth, 14 Va. App. 10, 415 S.E.2d 229 (1992), which was overturned by this Court sitting *en banc*, 16 Va. App. 551, 432 S.E.2d 180 (1993). Appellant also quotes from a dissent to the Supreme Court opinion that upholds the *en banc* decision of this Court, Buck v. Commonwealth, 247 Va. 449, 443 S.E.2d 414 (1994) (Hassell, J., dissenting). Appellant does not explain why we should find either source persuasive.

juries"). Finally, the parties presented nothing beyond vague conjecture as to the socioeconomic or racial make-up, or criminal statistics, of the challenged venirepersons' neighborhoods — in fact, the prosecutor asserted, and the defense did not contradict, that the neighborhoods at issue were racially mixed. Absent any indication of discriminatory intent or motive, we have no reason to question the trial court's evaluation of the prosecutor's credibility.[5]

III. CONCLUSION

For the foregoing reasons, we affirm the trial court's rulings.

Affirmed.

---

[5] Appellant notes that the prosecution only struck black members of the venire, but cites no principle of law as to why that alone is sufficient to demonstrate purposeful discrimination. Appellant even concedes that the explanations for two of those strikes were race-neutral. Although this fact could satisfy the first step in Batson, making a *prima facie* showing, see, e.g., Johnson v. California, 545 U.S. 162, 173 (2005), it is insufficient to rebut the Commonwealth's race-neutral explanations.