COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Petty, Athey and Senior Judge Frank
Argued by videoconference


THERESA WEAVER YOUNG

                                                        MEMORANDUM OPINION* BY
v.          Record No. 1128-20-2                        JUDGE WILLIAM G. PETTY
                                                        AUGUST 3, 2021

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Joi Jeter Taylor, Judge

Catherine French Zagurskie, Chief Appellate Counsel (Lauren
Whitley, Deputy Public Defender, on briefs), for appellant.

Leanna C. Minix, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Appellant Theresa Weaver Young argues the trial court erred in finding intimidation

where Young was charged with robbery. For the following reasons, we affirm.

BACKGROUND

On May 30, 2019, Young entered a Richmond bank and slid a folded note into the teller's

tray. The tray was located under the bulletproof glass that separated Young from the teller.

Young said, "This is a robbery." The teller asked Young to repeat what she said, and Young

said, "Give me all the money; this is a robbery."

The teller testified she was in shock. She testified bank procedure requires that when

someone comes into the bank and uses the word "robbery," the teller is to comply with the

demands. She followed bank procedure by handing to Young all the money in her teller drawer

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

and setting off an alarm.  She testified she did not know what Young's intentions were and was unsure if Young would hurt her.  Immediately after the incident, the teller began crying and shaking.  The teller also testified that during the incident she was thinking about four tellers at a different branch of her bank who had been shot and killed during a robbery.

Young appeals her robbery conviction, arguing that the trial court erred in finding the teller provided the money to Young as a result of intimidation.

ANALYSIS

"Robbery, a common law offense in Virginia, is defined as 'the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation.'" Bivins v. Commonwealth, 19 Va. App. 750, 752 (1995) (quoting Johnson v. Commonwealth, 209 Va. 291, 293 (1968)).  "The alternative elements of violence or intimidation have been further defined as the use of 'force, threat or intimidation.'" Id. (quoting Clay v. Commonwealth, 13 Va. App. 617, 619 (1992)).  "Intimidation is defined as '[u]nlawful coercion; extortion; duress; putting in fear.'" Id. (quoting Intimidation, Black's Law Dictionary (6th ed. 1990)).  "Intimidation results when the words or conduct of the accused exercise such domination and control over the victim as to overcome the victim's mind and overbear the victim's will, placing the victim in fear of bodily harm." Id. at 753.  In explaining the fear or intimidation necessary for common law robbery, Blackstone noted that

> this putting in fear does not imply, that any great degree of terror or *affright* in the party robbed is necessary to constitute a robbery:  It is sufficient that so much force, or threatening by word or gesture, be used, as might create an apprehension of danger, or oblige a man to part with his property without or against his consent.

Seaton v. Commonwealth, 42 Va. App. 739, 749 (2004) (quoting 4 William Blackstone, Commentaries on the Law of England *242 (1769)).  This Court has held that "the atmosphere of intimidation created by [a defendant], even if not accompanied by '[t]hreats of violence or bodily

harm,' [is] sufficient to prove that the taking was accomplished by intimidation." Bivins, 19 Va. App. at 753 (second alteration in original). "In other words, a brave victim maintains her fortitude *despite* intimidation—but it is intimidation nonetheless." Id.

Here, Young argues that the teller gave her the money not because of intimidation, but because of bank policy requiring compliance during a robbery. But the policy exists precisely because of the risk of bodily harm associated with bank robberies. Young stated three times "this is a robbery." Such a remark "has an obviously intimidating quality." Seaton, 42 Va. App. at 750. The purpose of the statement was to create an atmosphere of intimidation that would "oblige [the teller] to part with [her] property without or against [her] consent." Id. at 749; see Pressley v. Commonwealth, 54 Va. App. 380, 386 (2009) (citing with approval the holding in United States v. Gilmore, 282 F.3d 398, 403 (6th Cir. 2002), that "unequivocal written and verbal demands for money to bank tellers were sufficient basis for a finding of intimidation"); see also United States v. Harris, 530 F.2d 576, 579 (4th Cir. 1976) (finding defendant's conduct was reasonably calculated to produce fear even when no weapon was shown and no verbal threat was made). Young presented a written note to the teller, which the trial court could infer was a demand for money, while stating, "Give me all the money, this is a robbery." This was a sufficient basis to find intimidation. See Pressley, 54 Va. App. at 386.

Moreover, the teller's compliance with bank policy did not negate the presence of intimidation. In fact, the trial court could infer the atmosphere of intimidation and the apprehension of bodily harm *from* the teller's acquiescence to Young's demand for money and use of the term "robbery." The teller testified that she was thinking of four other bank employees at a different branch who had recently been killed during a robbery, showing she was well aware that an invocation of the term "robbery" carried with it the potential of bodily harm. Moreover, despite the teller's description of her state of mind as "shock" instead of "fear," the

trial court noted that after the incident, "once it kind of hit [her] what just happened," she "broke down and was crying during the questioning by the officer." Although, during the incident, the teller "maintain[ed] her fortitude *despite* intimidation[,] it [was] intimidation nonetheless." Bivins, 19 Va. App. at 753. So, the trial court did not err in finding an atmosphere of intimidation that sufficiently satisfied that element of Young's conviction for robbery.

## CONCLUSION

For the reasons stated, we affirm Young's conviction for robbery.

Affirmed.