PEOPLE v McDONALD

Docket No. 53035. Submitted October 20, 1981, at Detroit.—Decided
    May 5, 1982. Leave to appeal denied, 414 Mich —.
  Defendant, Rhomie McDonald, was charged with two counts of
    armed robbery and convicted of two counts of unarmed rob-
    bery, Wayne Circuit Court, Michael L. Stacey, J. Defendant
    appealed, alleging that the court erred in failing to instruct on
    larceny from the person. *Held:*
      An instruction on the lesser included offense of larceny from
    the person should be given to the jury in an armed robbery
    case where the trial court is put on notice that such an
    instruction should be given.
      Convictions vacated and remanded with instructions.

ROBBERY — JURY INSTRUCTIONS — LESSER INCLUDED OFFENSES.
    An instruction on the lesser included offense of larceny from the
    person should have been given to the jury in an armed robbery
    case where the trial court was put on notice that such an
    instruction should be given.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Carolyn Schmidt,* Assistant Prosecuting Attorney, for the people.

*Chari Grove,* Assistant State Appellate Defender, for defendant on appeal.

Before: T. M. BURNS, P.J., and M. F. CAVANAGH and R. A. BENSON,* JJ.

REFERENCES FOR POINTS IN HEADNOTE
67 Am Jur 2d, Robbery § 72.
75 Am Jur 2d, Trial § 876 *et seq.*
Modern status of law regarding cure of error, in instruction as to
  one offense, by conviction of higher or lesser offense. 15 ALR4th
  118.
* Circuit judge, sitting on the Court of Appeals by assignment.

Pᴇʀ ᴄᴜʀɪᴀᴍ. Defendant was charged with armed robbery, MCL 750.529; MSA 28.797. He was originally assigned status as a youthful trainee under the Holmes Youthful Trainee Act, MCL 762.11 *et seq.;* MSA 28.853(11) *et seq.,* and placed on three years probation. That probation was revoked and his youthful trainee status terminated due to his plea of guilty to an unrelated charge. Defendant was then tried on two counts of armed robbery and convicted by a jury of two counts of unarmed robbery. Defendant was sentenced to 2-1/2 to 15 years in prison. Defendant appeals his conviction as of right.

We find one issue raised by defendant to be dispositive of this case. Defendant contends that the trial court reversibly erred by refusing to instruct the jury upon the defendant's request for an instruction on the lesser included offense of larceny from the person, MCL 750.357; MSA 28.589.

Defense counsel originally informed the court that he wanted instructions only on the charge of armed robbery—guilty or not guilty. The prosecution requested that the court instruct the jury on the charge of armed robbery, attempted armed robbery, and unarmed robbery. The following colloquy took place between the trial court and the defense counsel:

"*The Court:* Under the circumstances, I think there have been enough facts elicted *[sic]* to give me authority to go with armed robbery, attempt armed robbery, unarmed robbery. Those are the only included offenses I will give, and I assume you are objecting to that.

"*Mr. Gragg [defense counsel]:* Yes, I am, your Honor.

"*The Court:* You're objecting to the inclusion of any lesser included offenses?

"*Mr. Gragg:* Yes, your Honor.

"*The Court:* Let the record so reflect.

"*Mr. Gragg:* May I just inquire if the court is going with the other two lesser offenses, why the court doesn't use larceny from a person?

"*The Court:* I would have, if it had been requested by the prosecutor, or may have. But he doesn't want them. If he didn't want them and you didn't, I'm not going to give them. That is the reason."

It is reversible error for a trial judge to refuse to instruct the jury on a requested lesser included offense.

"The duty of the trial judge to instruct on lesser included offenses is determined by the evidence. *People v Phillips,* 385 Mich 30; 187 NW2d 211 (1971). If evidence has been presented which would support a conviction of a lesser included offense, refusal to give a requested instruction is reversible error. *Id.,* 36. *People v Hamilton,* 76 Mich 212; 42 NW 1131 (1889)." *People v Ora Jones,* 395 Mich 379, 390; 236 NW2d 461 (1975).

The Michigan Supreme Court has determined that larceny from the person is a necessarily lesser included offense of armed robbery.

"We are committed to the view that the crime of larceny from the person embraces the taking of property in the possession and immediate presence of the victim. If such taking be by force and threat of violence, it is robbery, and hence every robbery would necessarily include larceny from the person and every armed robbery would necessarily include both unarmed robbery and larceny from the person as lesser included offenses." (Citation omitted.) *People v Chamblis,* 395 Mich 408, 425; 236 NW2d 473 (1975).

The prosecution argues that the defense counsel's request for the court's reasons for not instructing on larceny from the person is not suffi-

cient to comprise a request for an instruction as to that crime. This is a close question but we disagree with the prosecution. We find our decision here to be in accord with Judge HOLBROOK's partial dissent in *People v Johnson,* 90 Mich App 415, 422; 282 NW2d 380 (1979), where Judge HOLBROOK felt that, after considering the entire conversation that transpired between the prosecutor, the defense counsel and the bench, "* * * the trial court was put on notice that he should give the [requested] attempt instruction, *People v Lovett,* 396 Mich 101, 102; 238 NW2d 44 (1976)".

Here, the defense counsel's question concerning the court's intent to deliver an instruction on larceny from the person could have expressed the defendant's wish for the inclusion of that charge in the instructions in a much clearer fashion. However, the defendant's question combined with the court's decision to instruct the jury on the two other lesser included offenses along with the fact that larceny from the person is a necessarily included lesser offense of armed robbery constituted sufficient reason to put the trial court on notice that the larceny from the person instruction should have been given. At a minimum, the court should have inquired from the defense counsel if this question concerning the larceny from the person instruction was, in fact, a request for that instruction. If the trial court acted in the belief that once the defendant had made a decision not to request any lesser included offenses he was precluded from later requesting lesser included offenses, that was an erroneous belief. It makes no difference that the defendant did not originally request any lesser included offenses. Once the trial court honored the prosecution's request to instruct the jury on the lesser included offenses of at-

tempted armed robbery and unarmed robbery, before the instructions had been given to the jury, the defendant was entitled to request lesser included offense instructions.

We find defendant's other allegations of error to be without merit.

We vacate the defendant's conviction of two counts of unarmed robbery and remand this case to the trial court for entry of judgment of two counts of larceny from the person and for resentencing on that conviction or, if the prosecution believes that justice would be better served thereby, the prosecution may seek a new trial in the case.