462 S.E.2d 902

**Delano Leroy GRAVES**

v.

**COMMONWEALTH of Virginia.**

**Record No. 0089–94–1.**

Court of Appeals of Virginia,
Norfolk.

Oct. 17, 1995.

Coleman, J., dissented and filed opinion.

Willard M. Robinson, Jr. (Hall, Fox, AtLee and Robinson, P.C., on brief), Norfolk, for appellant.

Robert B. Beasley, Jr., Assistant Attorney General (James S. Gilmore, III, Attorney General, on brief), for appellee.

Present: COLEMAN, WILLIS and BRAY, JJ.

WILLIS, Judge.

On appeal from his conviction of grand larceny from the person, Delano Leroy Graves contends the trial court erred in reducing the original robbery charge to grand larceny from the person. We agree and reverse the judgment of the trial court.

On August 25, 1992, while robbing the Open House Diner in Newport News, Graves snatched a twenty dollar bill out of the hand of Richard Epes McMurran, Jr., a customer. He was charged with robbing McMurran. The indictment specified:

On or about the 25th day of August, 1992, in the City of Newport News, DELANO LEROY GRAVES feloniously did rob Richard Epes McMurran, Jr., of United States currency.

At the conclusion of the Commonwealth's evidence, the trial court struck the evidence as to robbery. The court held that grand larceny from the person is a lesser offense included within a charge of robbery and permitted the case to go forward on a charge of grand larceny from the person. The issue embraced within this appeal is the sufficiency of the indictment to support a conviction of grand larceny from the person. Because we find the indictment insufficient, we reverse the conviction.

■ Robbery, a common law crime, is defined as "the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation." *Mason v. Commonwealth*, 200 Va. 253, 254, 105 S.E.2d 149, 150 (1958) (citations omitted). While the definition of robbery includes, as an element, the theft of property, it does not include, as elements, either the value of the property taken or that the property be taken from the person of the victim.

■ Larceny, a common law crime, is the taking of personal goods of some intrinsic value, belonging to another, without his assent, and with the intent to deprive the owner thereof permanently. *Jones v. Commonwealth*, 3 Va.App. 295, 300, 349 S.E.2d 414, 417–18 (1986). Simple or petit larceny is punishable as a misdemeanor. Code § 18.2–96. Larceny committed from the person of another of money or other thing of a value of five dollars or more is punishable as grand larceny from the person, a felony. Code § 18.2–95(i). The elements of grand larceny from the person include the value of the property stolen and theft from the person of the victim.

■ The indictment did not charge grand larceny from the person. While it alleged theft, it contained no allegation of the value of the property stolen and no allegation that the property was taken from McMurran's person. Thus, the indictment, on its face, failed to specify an accusation of grand larceny from the person.

■ The Commonwealth contends that although the indictment did not specifically set forth that charge, grand larceny from the person is a lesser offense included within an accusation of robbery and, thus, the specification of robbery in the indictment set forth sufficiently an accusation of grand larceny from the person.

A lesser included offense must be "composed entirely of elements that are also elements of the greater offense." The lesser offense is therefore always "charged by implication" as a part of the "greater offense" and "necessarily proven by the proof of the greater offense." The elements

of the crimes, their "fundamental nature," are determinative, not "the particular facts of a specific case or the language of a given indictment."

*Crump v. Commonwealth,* 13 Va.App. 286, 290, 411 S.E.2d 238, 241 (1991) (citations omitted). The Commonwealth argues that the charge of robbery set forth in the indictment included an accusation of the attendant theft and of all the elements and circumstances actually involved in that theft. We find guidance in *Jones v. Commonwealth,* 218 Va. 757, 240 S.E.2d 658 (1978), *cert. denied,* 439 U.S. 892, 99 S.Ct. 249, 58 L.Ed.2d 238.

The accused in *Jones* robbed a motel night clerk of money and the keys to a courtesy car. He then walked about 200 yards across the motel parking lot and stole the courtesy car. He was convicted under indictments charging robbery of the night clerk and grand larceny of the courtesy car. Claiming violation of his right to be free from double jeopardy, Jones contended on appeal that the robbery of the night clerk included the larceny of the courtesy car. Rejecting this argument and affirming the conviction, the Supreme Court said:

[The defendant's] constitutional claim is based upon his argument that, generically, grand larceny is a lesser-included offense of robbery. We believe that, for purposes of the double jeopardy clauses, grand larceny is a lesser-included offense of robbery only when it is the theft expressly charged in the robbery indictment.

One offense is not lesser-included within another unless all of its elements are included in the other. Said differently, one offense is not lesser-included within another if it contains an element the other does not.

Before a lesser offense can be said to constitute a necessary part of a greater offense, all the legal ingredients of the corpus delicti of the lesser offense must be included in the elements of the greater offense; so, if an element necessary to establish the corpus delicti of the lesser offense

is irrelevant to the proof of the greater offense, the lesser cannot be held to be a necessarily included offense.

Definitionally, theft is an essential component of robbery and charged as such in every robbery indictment. Manifestly, a robbery indictment includes all elements of whatever larceny offense it charges, whether grand or petit, and the larceny offense charged is, therefore, lesser-included in robbery. Here, grand larceny of the car was not charged in the robbery indictment. Since one of the essential elements of that larceny offense was the value of the car, and that element was not an essential element of robbery, we hold that the crime of larceny of which defendant was convicted was not lesser-included in the crime of robbery of which he was convicted.

*Id.* at 759–60, 240 S.E.2d at 660–61 (citations omitted).

Because the indictment against Graves did not set forth allegations of value or of theft from the person, it did not charge grand larceny from the person. Therefore, grand larceny from the person was not a lesser offense included within the robbery specification of the indictment.

■ In *Garland v. Commonwealth*, 18 Va.App. 706, 446 S.E.2d 628 (1994), we considered the scope of the "from the person" element of grand larceny from the person. In *Garland*, the victim was standing at the open drawer of a cash register which she was operating. The accused reached "to within inches" of the victim and snatched money from the cash drawer. Because no Virginia decision had specifically defined the scope of the "from the person" element, we discussed holdings from several other states to create a context in which to determine the definition to be applied in Virginia. Distinguishing the "from the person" requirement from the "in his presence" requirement of robbery, *id.* at 708, 446 S.E.2d at 629, and finding the evidence sufficient to support the grand larceny conviction, we said:

Thus, we hold that larceny from the person embraces not only theft of property from physical contact with the victim,

but also theft of property that is in the victim's possession and within his immediate custody and control.

*Id.* at 710, 446 S.E.2d at 630. Plainly, the perimeter thus defined is more restrictive than the "in his presence" perimeter sufficient for robbery. Thus, proof sufficient to satisfy the "in his presence" requirement for robbery will not necessarily prove the "from his person" element of grand larceny from the person.

■ Because robbery includes, by definition, an element of simple larceny, the bare accusation of robbery in the indictment sufficiently charged simple or petit larceny. Therefore, we remand this case to the trial court for further proceedings, if the Commonwealth be so advised.

*Reversed and remanded.*

COLEMAN, Judge, dissenting.

The majority holds that grand larceny from the person under Code § 18.2–95(i) is not a lesser-included offense of robbery. I respectfully disagree with that holding and, therefore, I dissent.

Although this issue has not been previously decided in Virginia, we have intimated in *obiter dictum* that larceny from the person is a lesser-included offense of robbery. In *Broady v. Commonwealth,* 16 Va.App. 281, 291, 429 S.E.2d 468, 474 (1993), a panel of this Court said, "[w]e hold that the court did not commit reversible error in refusing to give appellant's proposed robbery instruction or an instruction *embodying the lesser-included offense of larceny from the person.*" *Id.* (emphasis added); *see also Saunders v. Commonwealth,* 18 Va. App. 825, 827, 447 S.E.2d 526, 528 (1994) (upholding a trial court's conviction of larceny from the person and noting that the trial court had reduced a robbery charge to "the lesser included offense of larceny from the person"). Furthermore, other jurisdictions have held that larceny from the person is a lesser-included offense of robbery. I find the holdings of those jurisdictions to be persuasive. *See, e.g., State v. White,* 322 N.C. 506, 369 S.E.2d 813, 816–17 (1988); *State v. Henry,*

57 N.C.App. 168, 290 S.E.2d 775, 776 (1982); *Commonwealth v. Ahart*, 37 Mass.App.Ct. 565, 641 N.E.2d 127, 131 (1994); *Commonwealth v. Jones*, 362 Mass. 83, 283 N.E.2d 840, 843–44 (1972); *Moorman v. State*, 577 S.W.2d 473, 475 (Tenn.Cr.App. 1978); *Johnson v. State*, 531 S.W.2d 558, 558–59 (Tenn.1975); *State v. Knaff*, 204 Neb. 712, 285 N.W.2d 115, 117 (1979); *State v. Harrison*, 149 N.J.Super. 220, 373 A.2d 680, 683 (App.Div.1977); *People v. McDonald*, 116 Mich.App. 135, 321 N.W.2d 868, 869 (1982).

The majority bases its holding upon the ground that grand larceny from the person requires the proof of two elements which are separate and distinct from the elements of robbery. First, grand larceny from the person requires proof that the value of the item stolen was $5 or more, Code § 18.2–95(i), which is not required to prove robbery. Second, the majority holds that larceny "from the person" is an element different from the element of robbery, "in his presence." The majority relies primarily upon *Jones v. Commonwealth*, 218 Va. 757, 240 S.E.2d 658 (1978), to support its holding that grand larceny from the person is not a lesser-included offense of robbery. I believe the majority's reliance on *Jones* is misplaced. *Jones* involved a double jeopardy claim and whether a person who had been separately indicted for robbery and grand larceny was barred by the double jeopardy protection from being convicted of both offenses. Recognizing that a robbery and larceny could occur during the same series of events, *Jones* held that when considering the "lesser-included" inquiry for double jeopardy purposes, the indictments control and "grand larceny is a lesser-included offense of robbery *only when it is the theft expressly charged in the robbery indictment.*" *Id.* at 759, 240 S.E.2d at 660 (emphasis added). But this holding is significant only in the context of double jeopardy because it is there that courts must be able to identify through the indictment which criminal event is being prosecuted. Significantly, *Jones* went on to recognize that

> [d]efinitionally, theft is an essential component of robbery and charged as such in every robbery indictment. Manifestly, a robbery indictment includes all elements of whatev-

er larceny offense it charges, whether grand or petit, and the larceny offense charged is, therefore, lesser-included in robbery.

*Id.* at 759–60, 240 S.E.2d at 660. Thus, the considerations involved in determining whether offenses are the same or lesser included "as charged in an indictment" for double jeopardy purposes are quite different from those involved in determining whether the *elements* of offenses are the same for purposes of convicting an accused of a lesser-included offense.

To determine whether larceny from the person is a lesser-included offense of robbery under Virginia law, we must consider whether, definitionally, all the elements of the former are included within the elements of robbery. In my opinion, all of the elements that constitute the crime of larceny from the person are included within the elemental definition of robbery. Robbery, which is a common-law crime, is defined as "taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation." *Johnson v. Commonwealth*, 209 Va. 291, 293, 163 S.E.2d 570, 572–73 (1968). Larceny, also a common-law crime in Virginia, is defined "as 'the wrongful or fraudulent taking of personal goods of some intrinsic value, belonging to another, without his assent, and with the intention to deprive the owner thereof permanently.'" *Bryant v. Commonwealth*, 248 Va. 179, 183, 445 S.E.2d 667, 670 (1994). Code §§ 18.2–95(i) and 18.2–96(1), which codify larceny from the person, do not separately define the offense, but provide only that larceny from the person of $5 or more shall be punishable as grand larceny and that larceny from the person of less than $5 shall be punishable as petit larceny. Thus, we look to the common law to define larceny from the person:

"Larciny [sic] from the person is either by privately stealing; or by open and violent assault, which is usually called robbery." ... At common law, larceny from the person differs from robbery in that larceny from the person lacks the requirement that the victim be put in fear.... Larceny from the person forms a middle ground in the common law between the "private" stealing most commonly associated

with larceny, and the taking by force and violence commonly associated with robbery.

*Garland v. Commonwealth,* 18 Va.App. 706, 710, 446 S.E.2d 628, 630 (1994) (quoting *State v. Buckom,* 328 N.C. 313, 401 S.E.2d 362, 364–65 (1991) (citation omitted)).

The Supreme Court has "pointed out that one offense is not lesser-included within another unless all its elements are included in the other." *Martin v. Commonwealth,* 221 Va. 720, 723, 273 S.E.2d 778, 780–81 (1981). Furthermore, "theft [or larceny] is an essential component of robbery, charged as such in every robbery indictment, and a robbery indictment includes, therefore, all elements of whatever larceny offense is charged, whether grand or petit." *Id.; see also Jones,* 218 Va. at 759–60, 240 S.E.2d at 660 (stating that "a robbery indictment includes all elements of whatever larceny offense it charges").

Similarly, because larceny from the person may be categorized as either grand or petit for purposes of punishment, like robbery, it involves the taking of personal property from the possession or presence of another. The only difference between robbery and larceny from the person is that robbery must involve a taking accompanied by or accomplished through the use of force, violence, or intimidation. Accordingly, larceny from the person, whether the offense be punishable as grand larceny under Code § 18.2–95(i) or petit larceny under Code § 18.2–96(1), includes all of the elements of robbery. In my opinion, the majority incorrectly holds that the amount of theft is a distinguishing element that excludes grand larceny from the person as a lesser-included offense of robbery.

The majority further bases its holding that grand larceny from the person is not a lesser-included offense of robbery upon the conclusion that larceny from the person requires a taking from the victim's actual physical possession, whereas robbery requires a taking either "from his person or in his presence." Therefore, a taking sufficient to prove a robbery, which may be from the victim's actual possession or "in his

presence," involves a different element than a taking "from the person" required to prove a larceny from the person. Thus, according to the majority, larceny from the person is not a lesser-included offense of robbery because every robbery, which may be a taking from "in his presence," does not necessarily include a taking "from the person."

In *Garland*, however, Judge Willis, speaking for the majority, stated "that larceny from the person embraces not only theft of property from physical contact with the victim, but also theft of property that is in the victim's possession and *within his immediate custody and control.*" 18 Va.App. at 710, 446 S.E.2d at 630 (emphasis added). The *Garland* panel, in upholding a conviction for larceny from the person where Garland, standing "within two feet" of the victim, "reached over the countertop and took money out of the open cash drawer," *id.* at 707, 446 S.E.2d at 629, clearly based its decision upon the principle that

[a]t common law property was stolen "from the person" of another even if it was only "in the presence" of the person at the time it was stolen.... "Property is stolen 'from the person' if it was under the protection of the person ... although not actually 'attached' to him.... As said by Coke in the 1600's: 'for that which is taken in his presence, is in law taken from his person.'"

*Id.* at 709, 446 S.E.2d at 630 (citation omitted).

In my view, *Garland* holds that "from the person" as an element of larceny from the person includes from the person's presence or possession or immediate control and custody. Similarly, the requirement that robbery be from the person or "in his presence" includes from the victim's actual or constructive possession, which is from the person's possession or immediate control and custody. *Beard v. Commonwealth,* 19 Va.App. 359, 362, 451 S.E.2d 698, 700 (1994). I perceive no difference in the element "from the person" as construed in *Garland* for larceny from the person, and "from the person or in his presence," as an element of robbery. Moreover, this approach is consistent with the common-law development of

the law of robbery and larceny from the person, both of which I believe have now been codified in Virginia. Larceny from the person was developed to provide for that lesser offense of robbery, both of which prohibit theft from a person's immediate presence and the resulting breach of the peace, but the lesser not including an act of violence. The only elemental difference, in my opinion, is that robbery involves a taking accomplished by force, violence, or intimidation. Accordingly, I believe that larceny from the person, whether it be grand or petit, is a lesser-included offense of robbery, and I would affirm the appellant's conviction.