ELDER, J.,
concurring:
For the reasons set out more fully in the majority opinion I authored at the panel stage in this case, see Hudgins v. Commonwealth, 40 Va.App. 1, 577 S.E.2d 505 (2003), I concur with the reasoning of Judge Benton that collateral estoppel protections of the Double Jeopardy Clause barred Tarik Hudgins’s prosecution for larceny of the victim’s bicycle from his person following Hudgins’s acquittal for robbery of the same bicycle from the same victim. I also concur in the majority opinion because, as discussed therein, to the extent we held in Graves v. Commonwealth, 21 Va.App. 161, 462 S.E.2d 902 (1995), aff'd on reh’g en banc, 22 Va.App. 262, 468 S.E.2d 710 *249 (1996), that grand larceny from the person is not lesser included in robbery, I believe our reasoning in Graves was faulty and must be overruled. Thus, I, too, join in reversing and dismissing Hudgins’s conviction.