ANNUNZIATA, J., with whom CLEMENTS, J.,
joins, concurring, in part, and dissenting, in part.
I respectfully dissent from the majority opinion on the grounds that: (1) grand larceny from the person is not a lesser-included offense of robbery, and (2) Hudgins’s acquittal on the charge of robbery was not an acquittal of the lesser-included offense of petit larceny and, therefore, is not a bar to a subsequent prosecution for grand larceny from the person. Although I concur with the majority’s conclusion that collateral estoppel does not prevent the Commonwealth from prosecuting Hudgins for grand larceny from the person, I write separately to provide a fuller discussion of the issue because I believe a portion of the majority’s analysis implicitly rests on the doctrine. In short, I would hold that Hudgins’s trial and conviction on the charge of grand larceny from the person did not violate his rights under the Fifth Amendment’s Double Jeopardy Clause.
I. Grand Larceny From the Person Is Not a Lesser-included Offense of Kobbery
The Fifth Amendment to the United States Constitution provides that no person “shall be subject for the same offence to be twice put in jeopardy of life or limb.” U.S. Const, amend. V. “It has long been understood that separate statutory crimes need not be identical—either in constituent elements or in actual proof—in order to be the same within the meaning of the constitutional prohibition.” Brown v. Ohio, 432 U.S. 161, 164, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977).
In both the multiple punishment and multiple prosecution contexts, this Court has concluded that where the two offenses for which the defendant is punished or tried cannot survive the “same-elements” test, the double jeopardy bar applies. See, e.g., Brown v. Ohio, 432 U.S. 161, 168-169, 97 *250 S.Ct. 2221, 2226, 53 L.Ed.2d 187 (1977); Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932) (multiple punishment); Gavieres v. United States, 220 U.S. 338, 342, 31 S.Ct. 421, 422, 55 L.Ed. 489 (1911) (successive prosecutions). The same-elements test, sometimes referred to as the “Blockburger” test, inquires whether each offense contains an element not contained in the other; if not, they are the “same offence” and double jeopardy bars additional punishment and successive prosecution.
United States v. Dixon, 509 U.S. 688, 696, 113 S.Ct. 2849, 2856, 125 L.Ed.2d 556 (1993).[11] The constitutional guarantee prohibits successive prosecutions for offenses deemed to be lesser included within the prior offense charged. Id.; Brown, 432 U.S. at 169, 97 S.Ct. at 2227 (“Whatever the sequence may be, the Fifth Amendment forbids successive prosecution and cumulative punishment for a greater and lesser included offense.”); see also Kauffmann v. Commonwealth, 8 Va.App. 400, 409, 382 S.E.2d 279, 283 (1989) (“A lesser included offense is an offense which is composed entirely of elements that are also elements of the greater offense.”).
The issue in this appeal, therefore, is whether grand larceny from the person is a lesser-included offense of robbery. If it is, Hudgins’s acquittal on the charge of robbery bars, by *251 operation of the Double Jeopardy Clause, a subsequent prosecution for grand larceny. If grand larceny from the person is not a lesser-included offense of robbery, however, the Commonwealth’s prosecution of Hudgins for grand larceny from the person was proper because it is not the “same offence” as robbery.
In concluding that the Commonwealth was barred from prosecuting Hudgins for grand larceny because it is a lesser-included offense of robbery, the majority finds that “[t]he General Assembly has not altered the common law elements ... of larceny.” It acknowledges that grand larceny requires proof of value of the item stolen—an additional fact not required to prove robbery—but relegates that additional fact to “merely ... [the] statutory form [of] ... the punishment[ ] for [the] crime[ ].”[12] It follows that, if proof of value is not an element of the grand larceny offense, grand larceny from the person is a lesser-included offense of the crime of robbery. Indeed, the majority so holds, stating “larceny from the person, whether punishable as grand larceny ... or petit larceny ..., includes all of the elements of robbery, except the taking by force or violence.” I respectfully disagree with this analysis.
It is not disputed that the “core” elements of larceny from the person are derived from the common law in Virginia. See, e.g., George v. Commonwealth, 242 Va. 264, 277, 411 S.E.2d 12, 20 (1991). However, contrary to the conclusion that the elements of larceny have not been altered, the General Assembly enacted Code § 18.2-95, which defines grand larceny from the person in terms of the value of the property stolen:
Any person who ... commits larceny from the person of another of money or other thing of value of $5 or more, ... shall be guilty of grand larceny, punishable by imprisonment in a state correctional facility for not less than one nor *252 more than twenty years or, in the discretion of the jury or court trying the case without a jury, be confined in jail for a period not exceeding twelve months or fined not more than $2,500, either or both.
Neither Virginia case law nor federal law supports the majority’s view that the value of the property stolen is a provision going solely to punishment and therefore is not an element of the crime of grand larceny. In Knight v. Commonwealth, 225 Va. 85, 300 S.E.2d 600 (1983), the Virginia Supreme Court held that the “value of the goods specified in the grand larceny statute is an essential element of the crime, and the Commonwealth bears the burden of proving that element beyond a reasonable doubt.” Id. at 88, 300 S.E.2d at 601 (emphasis added); see also Jones v. Commonwealth, 218 Va. 757, 760, 240 S.E.2d 658, 661 (1978) (“one of the essential elements of [the grand] larceny offense [is] ... value” (citing Code § 18.2-95)); Wright v. Commonwealth, 196 Va. 132, 139, 82 S.E.2d 603, 607 (1954). Similarly, in Carter v. United States, 530 U.S. 255, 120 S.Ct. 2159, 147 L.Ed.2d 203 (2000), the United States Supreme Court found that proof of value of the property stolen required by a federal bank robbery statute, 18 U.S.C. § 2113(b), is an element of the offense, not a sentencing factor. Id. at 272-73, 120 S.Ct. at 2170-71. The Court’s conclusion rested on two factors—the structure of the statute and the difference in the penalty prescribed depending on the value of the property stolen. First, the structure of the statute indicated that Congress intended proof of value to be an element. The Court noted that the statute “begins with the word ‘whoever,’ proceeds to describe ... the elements of the offense, and concludes by stating the prescribed punishment.” Id. at 273, 120 S.Ct. at 2171. Second, “the steeply higher penalties—an enhancement from a 1-year to a 10-year maximum penalty upon proof of valuation exceeding $1000— [led the Court] to conclude that the valuation requirement is an element” of the offense.[13] Id. (quotations omitted). An *253 analysis of Code § 18.2-95 following the Supreme Court’s rationale in Carter yields a similar result. Code § 18.2-95 begins “any person,” proceeds to incorporate the elements of common law larceny from the person, adds the element of proof of value, “and concludes by stating the prescribed punishment.” The structure of the grand larceny offense thus indicates the General Assembly’s intent to make proof of value an essential element of the crime. The significantly enhanced penalty for grand larceny bolsters this conclusion. Grand larceny is punishable by a term of imprisonment not to exceed twenty years. Code § 18.2-95. Petit larceny, on the other hand, is punishable as a Class 1 misdemeanor, with confinement in jail not to exceed twelve months. Code § 18.2-11.
The conclusion that proof of value is an essential element of the crime of grand larceny from the person is also rooted in the common law’s treatment of the facts used to impose certain penalties upon conviction and in the constitutional due process guarantee. In Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the United States Supreme Court noted that “[a]ny possible distinction between an ‘element’ of a felony offense and a ‘sentencing factor’ was unknown to the practice of criminal indictment, trial by jury, and judgment by court as it existed during the years surrounding our Nation’s founding.” Id. at 478, 120 S.Ct. at 2356.[14] In his concurring opinion, Justice Thomas traced the *254 historical development and treatment of sentencing factors in the definition of an offense and found that “authority establishes that a ‘crime’ includes every fact that is by law a basis for imposing or increasing punishment.” Id. at 501,120 S.Ct. at 2368 (Thomas, J., concurring) (emphasis added).[15] Prior to its decision in Apprendi, the Supreme Court in Mullaney v. Wilbur, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), rejected an argument by the State of Maine that shifting the burden to the defendant in a murder trial to prove he acted “in the heat of passion” is constitutionally permissible because such a fact affects only punishment, not guilt. Id. at 696-98, 95 S.Ct. at 1888-89. The Court noted that states cannot, consistent with due process protections afforded the accused, avoid proving all elements of a crime beyond a reasonable doubt by “redefining the elements that constitute different crimes, characterizing them as factors that bear solely on the extent of punishment.” Id. at 698, 95 S.Ct. at 1889. I therefore discern no principled basis for according different *255 and lesser treatment to the proof of value which is part of the definition of grand larceny from the person; it is an essential element of the crime.
The significance of defining the value of property taken in the commission of a larceny as an element of the offense is readily apparent when the Blockburger test is applied. Under this test, an offense is not a lesser-included offense if it contains an element of proof that the greater offense does not. See Dixon, 509 U.S. at 696, 118 S.Ct. at 2855-56; Brown, 482 U.S. at 168-69, 97 S.Ct. 2226-27; Blockburger, 284 U.S. at 304, 52 S.Ct. 182. In Virginia, grand larceny from the person requires proof that the value of the item stolen was at least $5; robbery requires no such proof. Following the mandate of Dixon and Blockburger, I would hold that grand larceny from the person is not a lesser-included offense of robbery. Accord LaMere v. Risley, 827 F.2d 622, 626 (9th Cir.1987); State v. Parker, 351 S.C. 567, 571 S.E.2d 288, 290 (2002); Joseph v. State, 351 S.C. 551, 571 S.E.2d 280, 283 (2002); cf. Carter, 530 U.S. at 274, 120 S.Ct. at 2171-72. Indeed, this Court correctly noted in Graves v. Commonwealth, 21 Va.App. 161, 462 S.E.2d 902 (1995), that grand larceny from the person cannot constitute a lesser-included offense of robbery because robbery and grand larceny from the person each has elements of proof that the other does not. Id. at 164, 462 S.E.2d at 903. I would not reverse Graves. Whether pursuant to the principle enunciated in Graves, or to an analysis conducted independently of it, I would find that robbery and grand larceny from the person are separate offenses under the “same elements” test of Blockburger.
Finally, to the extent that the statements in Jones, 218 Va. at 759, 240 S.E.2d at 660, and Martin v. Commonwealth, 221 Va. 720, 722-23, 273 S.E.2d 778, 780 (1981), viz. that grand larceny is a, lesser-included offense of robbery when the larceny indictment is based on the “same theft” as the robbery indictment,[16] support the majority’s conclusion that the grand *256 larceny offense in this case was lesser included within the prior robbery charge because both were based on the theft of the same bicycle, I note that the statements in Jones and Martin were not essential to the holdings because the larceny and robbery indictments in those cases were based on the theft of different items. Jones, 218 Va. at 758, 240 S.E.2d at 659; Martin, 221 Va. at 722, 273 S.E.2d at 780. I note further that an analysis which looks to the indictments to determine whether two offenses are the same for double jeopardy purposes is questionable in light of decisions issued subsequent to Jones and Martin. See, e.g., Coleman v. Commonwealth, 261 Va. 196, 200, 539 S.E.2d 732, 734 (2001) (“In applying the Blockburger test, we look at the offenses charged in the abstract, without referring to the particular facts of the case under review.”); Blythe v. Commonwealth, 222 Va. 722, 725-26, 284 S.E.2d 796, 798 (1981); see also Whalen v. United States, 445 U.S. 684, 694 n. 8, 100 S.Ct. 1432, 1439 n. 8, 63 L.Ed.2d 715 (1980) (rejecting a contention in the dissent that it applied Blockburger to the particular facts alleged in the indictment). See also Martin, 221 Va. at 727 n. 1, 273 S.E.2d at 783 n. 1 (I’Anson, C.J., dissenting) (commenting that, because grand larceny requires proof of value, “[a] strict application of the test set forth in Blockburger ... would thus lead to the conclusion that grand larceny and robbery can never be the ‘same offense’ because both grand larceny and robbery require proof of a fact which the other does not”).
II The Commonwealth Was Not Collaterally Estopped from Prosecuting Hudgins for Grand Larceny from the Person
I respectfully disagree with the principal concurring opinion that collateral estoppel prevents the Commonwealth from prosecuting Hudgins for the offense of grand larceny from the person.
*257 Collateral estoppel “ ‘means simply that when a[n] issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.’ ” Rhodes v. Commonwealth, 223 Va. 743, 748, 292 S.E.2d 373, 376 (1982) (quoting Ashe v. Swenson, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970)) (alteration in original). In determining whether collateral estoppel applies, this Court must look to the record of the prior criminal proceeding to decide whether the specific issue the defendant seeks to preclude from relitigation was “once determined by a valid and final judgment.” See Ashe, 397 U.S. at 443-44, 90 S.Ct. at 1194. Where the prior criminal proceeding ended with a general acquittal verdict, this Court cannot say that the issue the defendant “seeks to foreclose from” relitigation was “once determined” if we find that “a rational [fact finder] could have grounded its verdict upon” another issue. See id. (quotations omitted). Thus, a finding that a rational trier of fact could have grounded its verdict upon another issue precludes application of collateral estoppel to the issue sought to be foreclosed. See id. at 444, 90 S.Ct. at 1194; see also Page v. Commonwealth, 40 Va.App. 703, 709, 581 S.E.2d 233, 236 (2003). That being said, in order to take advantage of the doctrine of collateral estoppel, the defendant must present this Court with a record of the prior criminal proceeding which serves as the basis for his collateral estoppel argument. Anderson v. Commonwealth, 251 Va. 437, 439, 470 S.E.2d 862, 863 (1996). Moreover, the defendant bears the burden “of proving that the precise issue or question he seeks to preclude was raised and determined in the first action.” Rhodes, 223 Va. at 749, 292 S.E.2d at 376 (quotations omitted).
I note first that Hudgins never presented this Court, either at the panel or en banc levels, with a record of his prior criminal proceeding.[17] I would therefore find that this Court *258 is “unable to consider the merits of’ whether “the Commonwealth was barred by collateral estoppel from presenting ... evidence” of Hudgins’s theft of the bicycle. Anderson, 251 Va. at 439, 470 S.E.2d at 863 (quotations omitted).
In any event, I would also find that Hudgins failed to carry his burden of proving that “the precise issue or question he seeks to preclude was raised and determined in the first action.” Rhodes, 223 Va. at 749, 292 S.E.2d at 376 (quotations omitted). Here, the precise issue sought to be precluded is Hudgins’s theft of the bicycle. As is often the case, the trial court in Hudgins’s trial for robbery issued a general verdict of acquittal, a result which requires that we examine the record of the robbery trial in order to determine whether the trial court “could have grounded its verdict [of acquittal] upon an issue other than that which the defendant seeks to foreclose from consideration.” Ashe, 397 U.S. at 444, 90 S.Ct. at 1194.
The only parts of the instant record which address the question are the fact of Hudgins’s acquittal on the robbery charge and a statement purportedly made by the trial judge after he acquitted Hudgins to the effect that he thought Hudgins could be convicted of petit larceny.[18] See Hudgins v. Commonwealth, 40 Va.App. 1, 9, 577 S.E.2d 505, 508 (2003). Considering only the fact of Hudgins’s acquittal on the robbery charge, it is entirely conceivable that the trial court acquitted Hudgins of robbery because it determined that the Commonwealth failed to prove force or intimidation, an element of robbery not found in either grand or petit larceny. Thus, the trial court in Hudgins’s first trial for robbery “could have grounded its verdict [of acquittal] upon an issue other *259 than that which the defendant seeks to foreclose from consideration.” Ashe, 397 U.S. at 444, 90 S.Ct. at 1194 (quotations omitted); Page, 40 Va.App. at 709, 581 S.E.2d at 236. Assuming for the purposes of this discussion that the trial judge made a statement expressing his belief that Hudgins could be convicted of petit larceny, the statement is evidence that the trial court did not specifically exonerate Hudgins of the theft of the bicycle, see Page, 40 Va.App. at 709, 581 S.E.2d at 236, a fact which leads inexorably to the conclusion that Hudgins’s acquittal was based on the failure to prove force or intimidation. As such, I would not find that collateral estoppel prevents the Commonwealth from relitigating whether Hudgins stole the bicycle and that it, therefore, forecloses the prosecution of Hudgins for grand larceny from the person.
III. Hudgins Was Not Implicitly Acquitted of Petit Larceny
Hudgins was not expressly acquitted of the petit larceny offense.[19] Nonetheless, the majority concludes that Hudgins’s acquittal on the charge of robbery was an implied acquittal of the lesser-included offense of petit larceny and that Hudgins therefore could not be prosecuted for the greater offense of grand larceny.[20] Although the majority does not expressly *260 state the theory underlying this conclusion, it implicitly rests on the determination that Hudgins’s implied acquittal of petit larceny constituted an adjudication, in defendant’s favor, of the facts necessary to sustain a subsequent prosecution for grand larceny. While I agree that an adjudication in defendant’s favor, i.e. an acquittal, of the facts necessary to sustain a charge of petit larceny would collaterally estop the Commonwealth from relitigating those same, facts in a subsequent prosecution for grand larceny, I respectfully disagree that Hudgins’s acquittal of the robbery charge may be deemed an implied acquittal of the lesser offense of petit larceny.[21] The majority’s ultimate conclusion that Hudgins could not be prosecuted for grand larceny therefore cannot be sustained.
I note first that the majority relies on two cases, Brown, 432 U.S. at 168, 97 S.Ct. at 2226-27, and Myers v. Commonwealth, 148 Va. 725, 729-30, 138 S.E. 483, 484 (1927), to support its conclusion that Hudgins’s acquittal on the robbery charge results in an implied acquittal of the lesser-included offense.[22] *261 Neither case, however, stands for the proposition that an acquittal of a greater offense implies an acquittal of a lesser-included offense. Rather, they stand only for the principle that the Double Jeopardy Clause bars a subsequent prosecution on the lesser-included offense because, under a Blockburger analysis, they are “same offence” within the meaning of the Fifth Amendment. Brown, 432 U.S. at 168, 97 S.Ct. at 2226-27; Myers, 148 Va. at 729-30,138 S.E. at 484.
Indeed, I have found no authority which supports the theory the majority advances, viz., that an acquittal of the greater offense necessarily gives rise, by implication, to an acquittal on the lesser. The only authority on the concept of implied acquittals that I have found appears in the context of a trial for more than one offense resulting in a conviction of only one offense. See James A. Shellenberger and James A, Strazzella, The Lesser Included Offense Doctrine and the Constitution: The Development of Due Process and Double Jeopardy Remedies, 79 Marq. L. Rev. 1, 168-69 (1995). For instance, an acquittal of a greater offense can be implied where the trier of fact convicts the defendant of a lesser-included offense—but renders no express decision on the greater offense—if it had the opportunity to convict the defendant of either offense. See, e.g., Green v. United States, 355 U.S. 184, 190-91, 78 S.Ct. 221, 225-26, 2 L.Ed.2d 199 (1957) (holding that defendant was implicitly acquitted of the charge of first-degree murder where the fact finder, “given the choice between finding him guilty of either first or second degree murder[,] ... chose the latter”); see also Price v. Georgia, 398 U.S. 323, 328-29, 90 S.Ct. 1757, 1760-61, 26 L.Ed.2d 300 (1970). In fact, the United States Supreme Court has declared that an implied acquittal results “only” when a defendant is convicted of a lesser-included offense after the trier of fact has been charged to consider both the greater offense and the lesser-included offense. See Montana v. Hall, 481 U.S. 400, 403 n. 1, 107 S.Ct. 1825, 1827 n. 1, 95 L.Ed.2d 354 (1987) (per curiam); see also Ohio v. Johnson, 467 U.S. 493, 502, 104 S.Ct. 2536, 2542-43, 81 L.Ed.2d 425 (1984) (citing Price, 398 U.S. at 329, 90 S.Ct. at 1761; Green, 355 U.S. at 191, 78 S.Ct. at 225-26). Under *262 these circumstances, viz. when a defendant is convicted only of the lesser-ineluded offense after a trial on both the greater and lesser-ineluded offense, it can be deduced that the trier of fact determined that a fact necessary for conviction of the greater offense was not proved. Otherwise, the trier of fact would have convicted on the greater offense.
The same deduction cannot be made where the trier of fact acquits on a greater offense but renders no verdict on the lesser-ineluded offense, such as in the case before this Court. In such a case, the trier of fact may have determined, as discussed supra in Part II regarding the issue of collateral estoppel, that an element of the greater offense not essential to the lesser offense was not proved.
Here, Hudgins was not convicted in his first trial of any lesser-ineluded offense; rather, he was simply acquitted of the offense of robbery. Implying an acquittal of the lesserineluded offense of petit larceny under these circumstances is therefore not supported by logic or the law.
In short, I would hold that, although the Double Jeopardy Clause barred the Commonwealth from prosecuting Hudgins for petit larceny subsequent to the robbery prosecution, the robbery acquittal did not operate to acquit Hudgins of the petit larceny offense. Because it cannot be said that Hudgins was implicitly acquitted of petit larceny, the majority’s conclusion regarding the Commonwealth’s inability to prosecute Hudgins for grand larceny based on the implied acquittal must fail.
IV. Conclusion
The question this Court was asked to decide is whether Hudgins was prosecuted twice for the same offense in violation of the Double Jeopardy Clause. See U.S. Const, amend. V. I would hold that Hudgins’s double jeopardy rights were not abrogated because grand larceny is not a lesser-ineluded offense of robbery. See supra Part I. I would not find that the Commonwealth was collaterally estopped from prosecuting Hudgins for grand larceny. See supra Part II. I would also *263 not find that Hudgins’s acquittal of robbery implicitly acquitted him of petit larceny. See supra Part III.
For the foregoing reasons, I would affirm.

. I note that the majority cites Dixon for the proposition that the United States Supreme Court "has not strictly applied Blockburger in every double jeopardy analysis involving multiple convictions for the same offense." Although I agree with the substance of the statement, Dixon itself firmly established that offenses separately charged and prosecuted must, at a minimum, pass the Blockburger test in order to survive a double jeopardy challenge. The "Blockburger analysis, whose definition of what prevents two crimes from being the 'same offence,’ has deep historical roots and has been accepted in numerous precedents of this Court.” Dixon, 509 U.S. at 704, 113 S.Ct. at 2860 (citation omitted). Five justices joined that portion of the opinion establishing Blockburger as the minimum constitutional standard. The portion of the opinion which the majority cites, Dixon, 509 U.S. at 698, 113 S.Ct. at 2857, was joined only by Justices Scalia and Kennedy and, in any event, concludes that, "[bjecause Dixon's drug offense did not include any element not contained in his previous contempt offense, his subsequent prosecution violates the Double Jeopardy Clause.” Id. at 700, 113 S.Ct. at 2858.

. The majority also concludes that the robbery element requiring proof of an item stolen "from the person or his presence” is more or less equal to the larceny element requiring proof of an item stolen "from the person.” I concur in this portion of the majority's reasoning.

. Based in part on the fact that proof of value is an element of 18 U.S.C. § 2113(b), the Court held that it was not a lesser-included *253 offense of 18 U.S.C. § 2113(a), which contains no such requirement. Carter, 530 U.S. at 274, 120 S.Ct. at 2171-72. Although Carter was not a double jeopardy case, but rather a case involving the propriety of jury instructions, the Supreme Court conducted a "same elements” analysis, as required by Federal Rule of Criminal Procedure 31(c) and Schmuck v. United States, 489 U.S. 705, 716, 109 S.Ct. 1443, 1450-51, 103 L.Ed.2d 734 (1989), that is substantially similar, if not equal, to the Blockburger analysis.

. Apprendi addressed the constitutionality of New Jersey’s hate crime law, which provided for an enhanced sentence if a trial judge found by a preponderance of the evidence that the defendant was motivated by racial bias or hatred. Id. at 470, 120 S.Ct. at 2352. It reversed the *254 New Jersey Supreme Court's decision to uphold the law and held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” Id. at 490, 120 S.Ct. at 2362-63.

. To exemplify the foregoing principle, Justice Thomas discussed the relationship between grand and petit larceny:
[I]f the legislature defines some core crime and then provides for increasing the punishment of that crime upon a finding of some aggravating fact'—of whatever sort ...—the core crime, and the aggravating fact together constitute an aggravated crime just as much as grand larceny is an aggravated form of petit larceny. The aggravating fact is an element of the aggravated crime.
Apprendi, 530 U.S. at 501, 120 S.Ct. at 2368-69 (Thomas, J., concurring). Justice Thomas included in his analysis a compendium of common law cases, some of which discussed the relationship between grand and petit larceny, supporting his position that any fact which increased punishment was considered an element of the offense. Id. at 502-10, 120 S.Ct. 2369-73 (citing Commonwealth v. Smith, 1 Mass. 245 (1804), Hope v. Commonwealth, 50 Mass. (9 Metcalf) 134 (1845), and Larned v. Commonwealth, 53 Mass. (12 Metcalf) 240 (1847)). "Conversely,” Justice Thomas noted, "where a fact was not the basis for punishment, that fact was, for that reason, not an element." Id. at 504, 120 S.Ct. at 2370 (citing Commonwealth v. McDonald, 59 Mass. (5 Cush.) 365 (1850)).

. The majority also cites Clayton Motors v. Commonwealth, 14 Va.App. 470, 417 S.E.2d 314 (1992), for the same proposition. The Court in Clayton Motors relied on Jones and Martin in reaching its decision that *256 grand larceny is a lesser-included offense of robbery when the indictments allege the theft of the same item.

. Hudgins's failure to provide a record of his prior robbery trial may be explained by the fact that Hudgins never argued the issue of collateral estoppel to the trial court or to this Court. Indeed, as noted by the majority, Hudgins conceded at oral argument that collateral estoppel does not apply in this case.

. The same judge that tried Hudgins for robbery tried him for grand larceny from the person. Although no record was provided of the robbery trial, the Commonwealth's attorney proffered at the beginning of the grand larceny trial that the trial judge “had indicated from the bench [at the conclusion of the robbery trial] that the evidence was sufficient for larceny from the person, but that [it] was not a lesser included offense of robbery; [and that] therefore [the judge] acquitted him of robbery.” Defense counsel objected to the proffer, and the trial judge indicated that he had "no recollection” of making such a statement.

. An acquittal of a prosecuted, offense arises from "[a]n express jury-verdict of not guilty” on a specific charge. James A. Shellenberger and James A. Strazzella, The Lesser Included Offense Doctrine and the Constitution: The Development of Due Process and Double Jeopardy Remedies, 79 Marq. L. Rev. 1, 161 (1995).

. "To hold otherwise,” the majority states, "would suggest that Hudgins could not be convicted of petit larceny, but could be convicted of the greater offense of grand larceny from the person.” The conclusion that one could not be convicted of a greater offense where a bar exists to a conviction on the lesser does not ineluctably follow. For example, a defendant can be prosecuted for a greater offense even where a conviction on the lesser offense is barred by the statute of limitations. See Hall v. Commonwealth, 2 Va.App. 159, 162 n. 2, 342 S.E.2d 640, 641 n. 2 (1986); see also 21 Am. Jur. 2d Criminal Law § 295 (2003) ("It frequently happens that a charge of felony includes an offense of a lower grade with a different period of limitation, so that while the felony is not hawed, the statute has run as to the lesser offense.” (emphasis added)); see generally C.C. Marvel, Annotation, Conviction of *260 Lesser Offense, Against which Statute of Limitations Has Run, Where Statute Has Not Run Against Offense with which Defendant Is Charged, 47 A.L.R.2d 887 (2002).

. My disagreement should not be read as standing for the proposition that the Commonwealth could prosecute Hudgins for petit larceny after he was acquitted on the robbery charge. Clearly, a subsequent prosecution on a petit larceny charge is barred by the application of double jeopardy principles because, under Blockburger principles, petit larceny is a lesser-included offense of robbery, see Graves, 21 Va.App. at 167, 462 S.E.2d at 904, and double jeopardy protects an individual against multiple prosecutions for the same offense. See Dixon, 509 U.S. at 696, 113 S.Ct. at 2855-56.

. The principal concurring opinion also cites Grafton v. United States, 206 U.S. 333, 27 S.Ct. 749, 51 L.Ed. 1084 (1907), for this proposition. Although the Grafton decision contains a quotation from a treatise indicating that an acquittal on a murder charge will " 'be a good bar’ " to a prosecution for manslaughter, id. at 351, 27 S.Ct. 749 (quoting 1 Stark. Cr. Pl. 322 (3d. ed. (date unknown))), it does not state that an acquittal on the greater offense operates as an acquittal on a lesser offense. Indeed, the Court's decision in that case was based on the fact that the crime of homicide, which was tried by a military court, was the "same offence" as "assassination,” a crime tried in a civilian criminal court subsequent to homicide trial. See id. at 351, 355, 27 S.Ct. at 755; see also supra note 11.